COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-382-CR
                                                 2-03-383-CR
   
  
DOMINICK DARNELL MEDLOCK                                              APPELLANT
   
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Dominick Darnell Medlock entered open pleas of guilty to robbery (a 
second-degree felony) and to theft from a person (a state jail felony), which 
were both enhanced upon Appellant’s plea of true to two prior felony 
convictions. See Tex. Penal Code 
Ann. § 29.02(a)(1), (b) (Vernon 2003); § 31.03(a), (e)(4)(B) (Vernon 
Supp. 2004-05). The trial court sentenced Appellant to thirty and twenty 
years’ confinement for each respective offense, to be served concurrently. We 
will affirm.
Procedural 
Background & Independent Review of the Record
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no reversible grounds on appeal and referencing any grounds that 
might arguably support the appeal. See Mays v. State, 904 S.W.2d. 920, 
922-23 (Tex. App.—Fort Worth 1995, no pet.). Appellant’s counsel presents 
three potential grounds for appeal: the trial court erred in failing to admonish 
Appellant so as to ensure the voluntariness of his plea; Appellant’s sentence 
is excessive; and Appellant was denied the effective assistance of counsel.
        In 
our duties as a reviewing court, we must conduct an independent evaluation of 
the record to determine whether counsel is correct in determining that the 
appeal is frivolous. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. 
Crim. App. 1991); Mays, 904 S.W.2d at 923. We have conducted an 
independent review of the record and have determined just that.
        Appellant 
entered open pleas of guilty, so he waived the right to appeal any 
non-jurisdictional defects, other than the voluntariness of his pleas, that 
occurred before entry of the pleas so long as the judgment of guilt was rendered 
independent of, and is not supported by, the alleged error. See Young v. 
State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 
911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995). Therefore, our independent review of 
the record is limited to potential jurisdictional defects, the voluntariness of 
Appellant’s pleas, potential error occurring before Appellant’s pleas that 
resulted in or supports the judgment of guilt, and potential error occurring 
after the guilty pleas. See Young, 8 S.W.3d at 666-67.
        Our 
review of the record reveals no jurisdictional defects. The trial court had 
jurisdiction over the case. See Tex. 
Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2004-05). Further, the 
indictments conferred jurisdiction on the trial court and provided Appellant 
with sufficient notice. See Tex. 
Const. art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. 
Crim. App. 1997).
        Moreover, 
our review of the record reveals nothing that would support a claim that the 
guilty pleas were involuntary. The trial court properly admonished Appellant 
both in writing and orally. The record before us also reveals no error that 
occurred before Appellant pleaded guilty. As a result, there is no appealable 
error under the holding of Young. 8 S.W.3d at 666-67.
        The 
record does not support Appellant’s ineffective assistance of counsel claim 
because there is no evidence that the trial counsel’s performance was 
deficient. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370-71 
(1985); Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 
2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). It is 
evident from the record that Appellant freely, knowingly, and voluntarily 
entered pleas of guilty, and there is no evidence to suggest that these pleas 
were coerced in any way or that counsel’s advising Appellant to make these 
pleas fell outside the wide range of competent advice demanded of attorneys in 
criminal cases. See Hill, 474 U.S. at 56, 106 S. Ct. at 369; Strickland, 
466 U.S. at 697, 104 S. Ct. at 2069.
        The 
trial court ordered a PSI to be made and, after the completion of such, held a 
sentencing hearing. See Tex. Code 
Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon Supp. 2004-05). Appellant 
did not lodge any objection to the contents of the PSI. Appellant testified 
during the sentencing hearing, confessing to and describing in detail the 
offenses to which he pleaded guilty. Appellant also admitted that, beginning at 
age eleven, he got in trouble as a juvenile for two criminal mischief offenses 
and “trespassing burglary.” Appellant, who was thirty-three, also agreed 
that “basically from the time that [he] turned 17 up to today, . . . [he had] 
been in trouble his entire life.” The State offered evidence of prior 
adjudicated and unadjudicated offenses.
        After 
hearing all the evidence and testimony presented, the trial court sentenced 
Appellant to thirty years’ confinement for the enhanced robbery cause and 
twenty years’ confinement for the enhanced theft from a person cause, to be 
served concurrently. Generally, punishment assessed within the statutory limits 
is not excessive, cruel, or unusual punishment. Jordan v. State, 495 
S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, the sentences assessed by the 
trial court for the offenses are within the punishment ranges provided for each 
offense by law. See Tex. Penal 
Code Ann. §§ 12.33, 12.42(a)(2), 29.02(a)(1), (b), (Vernon 2003); §§ 
12.42(d), 31.03(a), (e)(4)(B) (Vernon Supp. 2004-05).
        Further, 
based on the evidence adduced during the punishment phase concerning the 
offenses for which Appellant pleaded guilty and his extensive criminal history, 
we cannot conclude that his sentences are grossly disproportionate to the 
offenses he committed. Cf. Ewing v. California, 583 U.S. 11, 20, 123 S. 
Ct. 1179, 1185 (2003) (recognizing that the Eighth Amendment “contains a 
‘narrow proportionality principle’ that ‘applies to noncapital 
sentences’” in “exceedingly rare” cases (quoting Harmelin v. Michigan, 
501 U.S. 957, 996-97, 111 S. Ct. 2680, 2702-03 (1991) (Kennedy, J. concurring in 
part and concurring in judgment) and Rummel v. Estelle, 445 U.S. 263, 
272, 100 S. Ct. 1133, 1138 (1980))); Alvarez v. State, 63 S.W.3d 578, 
580-81 (Tex. App.—Fort Worth 2001, no pet.).
        We 
discern no reversible error during the guilt or punishment phases, and we 
overrule Appellant’s three potential points.
Conclusion
        Based 
upon our independent review of this record, we have determined that there is no 
error on which an appeal could be based, and there is no error that would 
require reversal of this case. Therefore, we grant counsel’s motion to 
withdraw on appeal and, having overruled Appellant’s three potential points, 
we affirm the trial court’s judgments.
  
 
                                                          ANNE 
GARDNER
                                                          JUSTICE
   
  
PANEL B:   DAUPHINOT, 
GARDNER, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: August 31, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.