MEDLOCK V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.   2-03-382-CR

2-03-383-CR

DOMINICK DARNELL MEDLOCK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Dominick Darnell Medlock entered open pleas of guilty to robbery (a second-degree felony) and to theft from a person (a state jail felony), which were both enhanced upon Appellant’s plea of true to two prior felony convictions.  
See
 
Tex. Penal Code Ann
. § 29.02(a)(1), (b) (Vernon 2003); §  31.03(a), (e)(4)(B) (Vernon Supp. 2004-05).  The trial court sentenced Appellant to thirty and twenty years’ confinement for each respective offense, to be served concurrently.  We will affirm.

Procedural Background & Independent Review of the Record

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d. 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  Appellant’s counsel presents three potential grounds for appeal:  the trial court erred in failing to admonish Appellant so as to ensure the voluntariness of his plea; Appellant’s sentence is excessive; and Appellant was denied the effective assistance of counsel.

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  We have conducted an independent review of the record and have determined just that.

Appellant entered open pleas of guilty, so he waived the right to appeal any non-jurisdictional defects, other than the voluntariness of his pleas, that occurred before entry of the pleas so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Appellant’s pleas, potential error occurring before Appellant’s pleas that resulted in or supports the judgment of guilt, and potential error occurring after the guilty pleas.  
See Young
, 8 S.W.3d at 666-67.

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004-05).  Further, the indictments conferred jurisdiction on the trial court and provided Appellant with sufficient notice.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

Moreover, our review of the record reveals nothing that would support a claim that the guilty pleas were involuntary.  The trial court properly admonished Appellant both in writing and orally.  The record before us also reveals no error that occurred before Appellant pleaded guilty.  As a result, there is no appealable error under the holding of 
Young
.  8 S.W.3d at 666-67.

The record does not support Appellant’s ineffective assistance of counsel claim because there is no evidence that the trial counsel’s performance was deficient.  
Hill v. Lockhart
, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370-71 (1985); 
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
 Hernandez v. Stat

e
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  It is evident from the record that Appellant freely, knowingly, and voluntarily entered pleas of guilty, and there is no evidence to suggest that these pleas were coerced in any way or that counsel’s advising Appellant to make these pleas fell outside the wide range of competent advice demanded of attorneys in criminal cases.  
See
 
Hill
, 474 U.S. at 56, 106 S. Ct. at 369; 
Strickland
, 466 U.S. at 697, 104 S. Ct. at 2069.

The trial court ordered a PSI to be made and, after the completion of such, held a sentencing hearing.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 9(a) (Vernon Supp. 2004-05).  Appellant did not lodge any objection to the contents of the PSI.  Appellant testified during the sentencing hearing, confessing to and describing in detail the offenses to which he pleaded guilty. Appellant also admitted that, beginning at age eleven, he got in trouble as a juvenile for two criminal mischief offenses and “trespassing burglary.”  Appellant, who was thirty-three, also agreed that “basically from the time that [he] turned 17 up to today, . . . [he had] been in trouble his entire life.”  The State offered evidence of prior adjudicated and unadjudicated offenses.

After hearing all the evidence and testimony presented, the trial court sentenced Appellant to thirty years’ confinement for the enhanced robbery cause and twenty years’ confinement for the enhanced theft from a person cause, to be served concurrently.  Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment.  
Jordan v. State
, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).  Here, the sentences assessed by the trial court for the offenses are within the punishment ranges provided for each offense by law.  
See
 
Tex. Penal Code Ann.
 §§ 12.33, 12.42(a)(2), 29.02(a)(1), (b), (Vernon 2003); §§ 12.42(d), 31.03(a), (e)(4)(B) (Vernon Supp. 2004-05).

Further, based on the evidence adduced during the punishment phase concerning the offenses for which Appellant pleaded guilty and his extensive criminal history, we cannot conclude that his sentences are grossly disproportionate to the offenses he committed.  
Cf. Ewing v. California
, 583 U.S. 11, 20, 123 S. Ct. 1179, 1185 (2003) (recognizing that the Eighth Amendment “contains a ‘narrow proportionality principle’ that ‘applies to noncapital sentences’” in “exceedingly rare” cases (quoting 
Harmelin v. Michigan
, 501 U.S. 957, 996-97, 111 S. Ct. 2680, 2702-03 (1991) (Kennedy, J. concurring in part and concurring in judgment) and 
Rummel v. Estelle
, 445 U.S. 263, 272, 100 S. Ct. 1133, 1138 (1980))); 
Alvarez v. State
, 63 S.W.3d 578, 580-81 (Tex. App.—Fort Worth 2001, no pet.).

We discern no reversible error during the guilt or punishment phases, and we overrule Appellant’s three potential points.

Conclusion

Based upon our independent review of this record, we have determined that there is no error on which an appeal could be based, and there is no error that would require reversal of this case.  Therefore, we grant counsel’s motion to withdraw on appeal and, having overruled Appellant’s three potential points, we affirm the trial court’s judgments.

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 31, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.