COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-04-415-CR

 

 

LARRY DARNELL CRATER                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT
NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

A
jury convicted Appellant Larry Darnell Crater of sexual assault of a child
under the age of seventeen and assessed his punishment at two years= confinement.  We affirm. 


 








II.  The Anders
Brief

Crater=s court-appointed counsel has
filed a motion to withdraw as counsel and a brief in support of that
motion.  In the brief, counsel avers
that, in his professional opinion, this appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a
professional evaluation of the record demonstrating why there are no reversible
grounds on appeal and referencing any grounds that might arguably support the appeal.  See Mays v. State, 904 S.W.2d 920,
922-23 (Tex. App.CFort Worth 1995, no pet.).

Once
appellant=s court-appointed counsel files a
motion to withdraw on the ground that the appeal is frivolous and fulfills the
requirements of Anders, we are obligated to undertake an independent
examination of the record and to essentially rebrief the case for appellant to
see if there is any arguable ground that may be raised on his behalf.  See Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991).








Crater=s counsel presents two arguable
grounds on appeal, which he concludes are not meritorious:  whether the jury erred by failing to grant
Crater community supervision and whether the jury=s two-year sentence was excessive.  We will address these arguments within the
context of our independent examination of the record because they
coincide.  Crater did not file a pro se
brief.  He did, however, file a document
stating that he Awould like to familiarize the
court with@ a number of Agrounds for an appeal.@ 
Although the document does not contain any substantive argument, only
asserted points, we will construe it liberally and address Crater=s Agrounds@ within the context of our independent review.  The State has not filed an appellate brief.

III.  Factual
and Procedural Background

A.M.,
the victim, first met Crater, called ABrother Larry@ by his friends, while attending a Sunday school class
that Crater taught at the Fountain of Living Waters Church.  Crater became friends with A.M. and her family,
and A.M. looked up to Crater as a father figure and someone whom she could
trust.  A.M., her family, Crater, and
Crater=s wife, Shelley Ann Crater, all
eventually ended up attending the Throne of Grace International Church where
the two families maintained their friendship. 
A.M. often sought out Crater for advice on topics like school, life, and
issues that she felt uncomfortable discussing with her mother.








Late
at night on July 11, 2002, Crater called A.M.=s residence and spoke to her about how she was
doing, how her day went, and where her mother was.  During the conversation, A.M. mentioned something about a
Slurpee, and Crater asked if she wanted to go buy one, to which A.M. responded
that she did.  A.M. also testified that
she wanted to talk to Crater about being intimate with her boyfriend.  Crater arrived shortly thereafter in his
van; A.M., wearing shorts and a shirt, entered it, and they drove off.

Crater
and A.M. went to a gas station where Crater purchased a Slurpee for A.M. and
breath mints for himself.  Afterwards,
the two drove around and discussed A.M.=s relationship with her boyfriend.  Crater began to rub A.M.=s back and touch her leg.  Crater asked A.M. where her Ahot spot@ was and told her that she was
beautiful and that she could have anything she wanted out of life.  Crater then penetrated A.M.=s vagina with his fingers, and
A.M. grabbed his shirt because she wanted him to stop.  Crater removed his fingers and told A.M., AYou=re wet.@  The two arrived
back at A.M.=s residence to find A.M.=s mother and Crater=s wife waiting outside,
angry.  A.M. later told the pastor of
her church and a Fort Worth Police detective about the incident.








Police
subsequently interviewed Crater, at which point he voluntarily gave a written
statement contending that A.M. pulled his hand towards her and caused it to Atouch her vagina@ for maybe fifteen to thirty
seconds.  Crater wrote in the statement
that he told A.M. that she was Awet.@ 
Police later obtained a warrant and arrested Crater.  He pleaded not guilty to sexual assault of a
child under age seventeen and indecency with a child by contact.  At trial, the trial court admitted his
written statement, and the interviewing detective read it before the jury
without objection.  Crater chose not to
testify in either the guilt-innocence or the punishment phase of trial.  A jury convicted Crater of the sexual
assault offense and assessed his punishment at two years= confinement.

IV. 
Independent Review

A.  Jurisdiction

Our
review of the record reveals no jurisdictional defects.  Criminal District Court Four in Tarrant
County had jurisdiction over the case.  See
Tex. Code Crim. Proc. Ann. art.
4.05 (Vernon 2005).  The indictment
conferred jurisdiction on the trial court and provided Crater with sufficient
notice of the charges against him.  See
Tex. Const. art. V, ' 12; Duron v. State, 956
S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

B.  Sufficiency of the Evidence








In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App.
2004).  This standard gives full play to
the responsibility of the trier of fact to resolve conflicts in the testimony,
to weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443
U.S. at 319, 99 S. Ct. at 2789.

In
contrast, when reviewing the factual sufficiency of the evidence to support a
conviction, we are to view all the evidence in a neutral light, favoring neither
party.  See Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004). 
The only question to be answered in a factual sufficiency review is
whether, considering the evidence in a neutral light, the fact finder was
rationally justified in finding guilt beyond a reasonable doubt.  Id. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or
judgment, considered by itself, is too weak to support the finding of guilt
beyond a reasonable doubt; or (2) when there is evidence both supporting and
contradicting the verdict or judgment, weighing all of the evidence, the
contrary evidence is so strong that guilt cannot be proven beyond a reasonable
doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of conviction but still
be insufficient to prove the elements of the crime beyond a reasonable doubt.@ 
Id. at 485.  In other
words, evidence supporting a guilty finding can outweigh the contrary proof but
still be insufficient to prove the elements of an offense beyond a reasonable
doubt.  Id.








A
person commits sexual assault of a child if the person intentionally or
knowingly causes the penetration of the anus or female sexual organ of a child
by any means.  Tex. Penal Code Ann. ' 22.011 (Vernon Supp. 2004-05).  A child is defined as Aa person younger than 17 years of age who is not the
spouse of the actor.@ 
Id. ' 22.011(c)(1).








Here,
the evidence established that Crater intentionally or knowingly penetrated A.M.=s vagina with his fingers and that
she was younger than seventeen years of age and not Crater=s spouse at the time of the
incident. Crater contended in his statement that A.M. directed his hand towards
her vagina, but A.M.=s testimony reflected
otherwise.  The jury, as the fact
finder, was entitled to resolve this conflict in the evidence against
Crater.  Crater=s statement that A[t]he only evidence . . . the
State had to convict me was heresay [sic] and was illegal, insufficient, and
uncompetent [sic]@ is without merit.  Moreover, Crater=s statement that A[t]he State hid evidence favorable
to the accused@ is not supported by the entire
record.  Accordingly, viewing the
evidence in the light most favorable to the verdict, a rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson, 443 U.S. at
319.  Additionally, considering the
evidence in a neutral light, the jury was rationally justified in finding guilt
beyond a reasonable doubt; the evidence supporting the verdict is not too weak
to support the finding of guilt beyond a reasonable doubt and, weighing all of
the evidence, the contrary evidence is not so strong that guilt cannot be
proven beyond a reasonable doubt.  Zuniga,
144 S.W.3d. at 484-85.  We hold that
the evidence is both legally and factually sufficient to support the jury=s verdict.

C.  Jury Charge

The
trial court=s charge on guilt-innocence
properly defined the law and properly applied the law to the facts of the
case.  See Tex. Code Crim. Proc. Ann. art. 36.16
(Vernon 1981).  The jury charges at both
the guilt-innocence and punishment stages of the trial do not contain
reversible error.

D.  Effective Assistance of Counsel

We
construe seven of Crater=s Agrounds@ for an appeal as allegations of ineffective assistance of
counsel.  He contends that his attorney
failed to file a motion for a witness list and a motion to quash his statement,
that a defense witness was not allowed to testify because of the poor judgment
of his counsel, that his counsel did not request a continuance, that he was not
ready for trial, that a conflict between he and his attorney led to unfair
representation, and that an investigator was never appointed to the case.








We
apply a two-pronged test to ineffective assistance of counsel claims.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999).  First,
appellant must show that his counsel's performance was deficient; second,
appellant must show the deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064.

In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at
813.  The issue is whether counsel's
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89, 104 S. Ct. at
2065.  A[C]ounsel is strongly presumed to have rendered
adequate assistance and made all significant decisions in the exercise of
reasonable professional judgment.@  Id. at
690, 104 S. Ct. at 2066.  An allegation
of ineffective assistance must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness.  Thompson, 9 S.W.3d at 813.

The
second prong of Strickland requires a showing that counsel's errors were
so serious that they deprived the defendant of a fair trial, i.e., a trial
whose result is reliable.  Id. at
687, 104 S. Ct. at 2064.  In other
words, appellant must show there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S.
Ct. at 2068.








The
record reflects that Crater=s trial counsel filed numerous motions, including a AMotion for Discovery Of State=s Witness List@ and a motion to suppress Crater=s written or oral statements.  Trial counsel gave a persuasive opening
statement and closing argument and cross-examined the State=s witnesses with skill.  At both stages of the trial, Crater briefly
testified that he did not wish to testify before the jury.  Crater=s grounds regarding a continuance, the failure of a
defense witness to testify, the lack of an investigator being appointed, and a
conflict between he and his attorney are simply not affirmatively demonstrated
in the record.  The record is also
silent as to defense counsel=s strategies for not hiring an investigator and not moving for a
continuance.  Consequently, Crater has
not overcome the presumption that he was adequately represented by
counsel.  See Strickland,
466 U.S. at 690.  Accordingly, our
review of the entire record does not reveal that trial counsel was ineffective.

E.  Punishment








In
his two arguable grounds, Crater=s counsel proposes that the jury erred by failing to grant
Crater community supervision and that the jury=s two-year sentence is excessive.  Sexual assault of a child is a second-degree
felony punishable by two to twenty years in prison.  Tex. Penal Code Ann.
' 12.33(a) (Vernon 2003), ' 22.011(f).  The jury sentenced Crater to two years in
prison, which is at the low end of the statutory range of punishment.  See Alvarez v. State, 63 S.W.3d 578,
580 (Tex. App.CFort Worth 2001, no pet.) (stating
that punishment assessed within the statutory limits is generally not
excessive, cruel, or unusual punishment). 
Moreover, an award of community supervision is a contractual privilege,
not a right.  Speth v. State, 6
S.W.3d 530, 534-35 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1088
(2000).  The jury had the option of
recommending community supervision; it chose otherwise. Accordingly, our review
of the record reveals no reversible error from the punishment phase.

V.  Conclusion

We
agree with appellate counsel that the two arguable grounds he raised are not
meritorious.  Based upon our independent
review of the record, we likewise have determined that there is no error on
which an appeal could based or which would require reversal of this case.  Therefore, we grant appellate counsel=s motion to withdraw and affirm
the trial court=s judgment.

 

PER CURIAM

 

PANEL F:    MCCOY,
J; CAYCE, C.J.; and LIVINGSTON, JJ.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED: October 20, 2005











[1]See Tex.
R. App. P. 47.4.