COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-031-CR



 

 

JAMES C. MILLER                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                                ---------

                                                    








On January 19, 2001, in
exchange for a plea bargain recommendation of ten years= deferred adjudication community supervision, Appellant James C.
Miller pleaded guilty to the felony offense of aggravated sexual assault of a
child under fourteen years of age.  The
trial court accepted the plea and placed Appellant on deferred adjudication
community supervision on the same date, subject to conditions.  On September 30, 2004, the State filed its
first amended petition to revoke Appellant=s community supervision and enter an adjudication of guilt, alleging
that Appellant had committed several violations of the conditions of his
deferred adjudication. 

The trial court conducted a
hearing on the State=s first
amended petition. Appellant pleaded not true to the alleged violations.  At the conclusion of the hearing, the trial
court found that Appellant had committed some of the alleged violations and
adjudicated Appellant guilty of the charged offense.  Following a separate punishment hearing, the
trial court sentenced Appellant to twenty-five years= confinement in the Institutional Division of the Texas Department of
Criminal Justice. 

On appeal, Appellant
complains in one point that the trial court abused its discretion by assessing
an unduly harsh and excessive sentence of twenty-five years.  The record establishes that, beginning
shortly after he married his wife, Appellant sexually abused his step-daughter
while she was between the ages of six and ten. 
At the hearing on the petition to proceed to adjudication, the State
offered testimony from Appellant=s supervision officer, a psychotherapist in charge of Appellant=s sex offender treatment program, a family friend, and Appellant=s wife.  








At the conclusion of the
hearing, the trial court found that, as alleged by the State, Appellant had
committed a number of violations of the conditions of his deferred
adjudication, in that he used a prostitute as admitted verbally and in writing
to his supervision officer; he left Tarrant County and went to Cresson, Texas
on September 5, 2003, and Henderson, Texas on August 15, 2004, without
requisite travel authorization by the court or his supervision officer; and he
failed to comply with the court=s order to provide urine specimens on October 11, 2002, and July 1,
2003, as directed by his supervision officer for testing for controlled
substances. 

Additionally, the trial court found that, contrary to supplemental conditions
that had been imposed, Appellant failed to complete aftercare treatment for sex
offenders within three years of initiation of the treatment, having begun
treatment on January 29, 2001, and having completed only fifty percent of the
sessions; that he failed to pay all costs of evaluation/counseling/treatment as
ordered, in that he had an outstanding balance of $385.00 owed to Psychotherapy
Services, and that he failed to comply with the sex registration procedures,
including payment of any costs thereof as required by law, in that he had an
outstanding balance of $613.05 for public notification costs.








The court further found that, contrary to the condition that he
abstain from the use of alcohol, Appellant admitted to drinking Bud Dry at work
on or about August 28, 2003, Bud Lite and Bud Dry during the month of January
2004 and Bud at work on or about September 5, 2003; and, finally, although an
additional supplemental condition prohibited Appellant from purchasing,
possessing, accessing, or viewing sexually explicit visual or audio material on
any medium, he had accessed sexually explicit programs on two separate
occasions in the fall of 2003. 








Appellant acknowledges that, at the adjudication hearing, the State
produced testimony that supported each of the violations found.  However, in support of his contention that
the sentence imposed is excessive, Appellant 
urges, first, that other testimony showed that many of the violations
were Aclose calls.@  He testified that the use of a prostitute was
due to his marital difficulties and that he fell in love with and moved in with
her after he and his wife separated. 
While Appellant admitted that he left Tarrant County twice to attend
motorcycle races, even though he only had permission to leave the County for
work purposes, Appellant points to other evidence that he attended the races as
part of his work on design of a work bench for motorcyclesCa sideline business pursuit. 
Although Appellant=s
supervision officer testified that Appellant failed to provide several urine
samples when requested, Appellant notes that no positive tests were reported
and that his wife testified that he has difficulty urinating due to a medical
problem.  Appellant points out that his
sex offender treatment therapist acknowledged that Appellant had made current
some of the arrearage.  Appellant does
not dispute that a long-time friend testified that Appellant accessed
pay-per-view adult movies on the friend=s cable television, and that other evidence established that he
consumed alcohol on a few occasions.  








Second, Appellant argues that at the sentencing hearing the State
called no witnesses and that the trial court ignored significant evidence of
positive changes in Appellant as well as a plea for leniency from the
complainant herself.  The complainant,
who was twenty-two years old at the time of the punishment hearing, testified
thatCdespite the emotional trauma and fear she had suffered, which caused
her to marry at age fifteen to escape the householdCshe had forgiven Appellant and believed he had changed.  She asked that Appellant be given the least
amount of time possible.  Appellant=s own sixteen-year-old daughter testified that Appellant is a changed
person and a better man since he got off drugs and alcohol, and that she and
her mother need him at home.  The family
friend testified that she had observed Appellant during his probation, that he
had tried very hard to attend the meetings, to get enough money to pay the fees
required, and to abide by the strict conditions, and that she believes
Appellant is a good man. 

Appellant=s wife
testified that Appellant has turned his life over to God and has changed, and
she asked the court for leniency.  She
explained that Appellant developed cancer in his leg in 2002.  The couple experienced marital problems and
separated for a time, but they reunited in February of 2004.  Because of these problems, she said,
Appellant stopped doing his treatment homework and stopped concentrating on his
probation.  The wife testified that she
has forgiven Appellant for molesting her daughter and that she loves him; if he
had not changed, the wife said, she would have fed him to the dogs.  








Although Appellant is correct that the State offered no witnesses at
the punishment hearing, other evidence was developed by the State=s cross-examination of Appellant=s witnesses.  Testimony from the
complainant established that Appellant had maneuvered her into being alone in
the apartment so that he could molest her over the period of time when she was
aged six to ten, and his offense had included performing oral sex on her,
putting his fingers and hands inside her sexual organ, forcing her to
masturbate in front of him, masturbating in front of her, and ejaculating on
her.  Appellant=s wife was unable to supply any facts to support her testimony that
Appellant is a changed man except that he is no longer using speed and
marijuana, and that she is now on welfare and needs Appellant=s financial support.  

On cross-examination, the wife acknowledged several facts that
seemingly contradicted her testimony that Appellant had changed.  First, she acknowledged that Appellant
continued to drink during probation, and that he came home so drunk one night
that he took off his clothes and got into bed where his wife and their other
daughter were sleeping.  In addition, she
testified that in October of 2003, Appellant tested positive for gonorrhea and
admitted that he had been with a prostitute. 
Appellant also admitted to her that he had been abusing his travel
permit for personal use, including using it to see his girlfriend in
Grapevine.  The wife testified that
Appellant manipulated her into doing treatment homework for him, and that he
quit the antidepressants he is supposed to take, saying, A[A]ll I need is for these money hungry motherfuckers to leave me
alone.@  Furthermore, Appellant
attempted to persuade his girlfriend to be named as his chaperone for probation
purposes by telling her that his step-daughter lied about the sexual abuse. 








Appellant testified that he changed when he got off drugs in
1989,  explaining that methamphetamine
was what had messed up his life.  He
testified that the molestation of his step-daughter had occurred ten years
prior to his prosecution and plea-bargain, that he had steadily improved during
the subsequent years after the sexual abuse ended, and that he had been on
probation an additional four years for the offense.  However, Appellant  admitted that, during his probation, he had
masturbated to thoughts of his step-daughter while viewing a neighbor in her
backyard, that he had continued to drink, and that he had viewed
pornography.  Appellant also admitted
that he had almost molested his first daughter when she was two years old, but
stopped himself before it happened.  

Appellant did not object to the excessiveness of his sentence at the
time it was imposed, nor did he raise the issue in a motion for new trial.  To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if those grounds are not apparent from the context of
the request, objection, or motion. Tex.
R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court=s refusal to rule. Tex. R. App.
P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim.
App. 2004).  








Generally, an appellant may not raise an error regarding his sentence
where he failed to object or raise the error in the trial court.  Mercado v. State, 718 S.W.2d 291, 296
(Tex. Crim. App. 1986). Appellant waived his complaint of excessiveness on
appeal because he did not object to the trial court=s sentence in the trial court.  See McCall v. State, No. 05‑03‑01609‑CR,
2004 WL 1842926, at *1 (Tex. App.CDallas August 18, 2004, no pet.) (not designated for publication)
(holding that failure to raise excessiveness of sentence at punishment hearing
or in motion for new trial preserved nothing for review); Tipton v. State, No.
2‑02‑092‑CR, 2003 WL 1564325, at *2 (Tex. App.CFort Worth March 27, 2003, pet. ref=d) (mem. op.) (not designated for publication)(same). 








Even if we were to reach the merits of his complaint, Appellant
recognizes that, generally, punishment imposed within the statutory limits is
not subject to challenge for excessiveness. 
Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Alvarez
v. State, 63 S.W.3d 578, 580 (Tex. App.C Fort Worth 2001, no pet.).  A
plea bargain that results in deferred adjudication community supervision is
completed at the time the defendant is placed on deferred adjudication
community supervision.  Vidaurri v.
State, 49 S.W.3d 880, 887-88 (Tex. Crim. App. 2001) (Johnson, J.,
concurring).  The entire range of
punishment remains open to the trial court after adjudication.  Woods v. State, 68 S.W.3d 667, 669
(Tex. Crim. App. 2002); Vidaurri, 49 S.W.3d at 885.  Thus, Appellant faced a sentence of from five
to ninety-nine years and a fine not to exceed $10,000.  See Tex. Penal Code Ann. ' 22.021 (Vernon Supp. 2005).       

Twenty-five years is in the lower to middle of that range.  There is no indication in the record that the
trial court did not consider the mitigating evidence and pleas for leniency by
Appellant=s witnesses,
including the complainant.  Considering
the record and the gravity of the offense, Appellant=s sentence is not excessive.  See
Dale v. State, 170 S.W.3d 797, 799 (Tex. App.CFort Worth 2005, no pet.).








We will apply a narrow exception to the general rule that a sentence
within the statutory limits is not excessive, cruel, or unusual if the sentence
is grossly disproportionate to the offense.  Id.; Alvarez, 63 S.W.3d at 580; see
also Harmelin v. Michigan, 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 2707
(1991) (Kennedy, J., concurring); Solem v. Helm, 463 U.S. 277, 290-92,
103 S. Ct. 3001, 3010-11 (1983). 
Appellant did not raise a disproportionate punishment complaint under
the Texas or United States constitutions either in the trial court or in this
court.  See Curry v. State, 910 S.W.2d  490, 497
(Tex. Crim. App. 1995) (reasoning that even constitutional rights, including
the right to be free from cruel and unusual punishment, may be forfeited).  Accordingly, Appellant has failed to preserve
this complaint for appellate review.  Tex. R. App. P. 33.1(a); see Ray v. State, 119 S.W.3d 454, 458-59 (Tex. App.CFort Worth 2003, pet. ref=d) (Gardner, J., concurring);  Crawford v. State, 2‑04‑299‑CR,  2005 WL 1477958, at *4 (Tex. App.CFort Worth June 23, 2005, pet. ref=d) (not designated for publication).  We overrule Appellant=s sole point.

                                   CONCLUSION

Having overruled Appellant=s sole point, we affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    LIVINGSTON,
DAUPHINOT, and GARDNER, JJ.

 

DAUPHINOT, J. concurs without opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 29, 2006











[1]See Tex. R. App. P. 47.4.