MILLER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-031-CR

JAMES C. MILLER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

---------

On January 19, 2001, in exchange for a plea bargain recommendation of ten years’ deferred adjudication community supervision, Appellant James C. Miller pleaded guilty to the felony offense of aggravated sexual assault of a child under fourteen years of age.  The trial court accepted the plea and placed Appellant on deferred adjudication community supervision on the same date, subject to conditions.  On September 30, 2004, the State filed its first amended petition to revoke Appellant’s community supervision and enter an adjudication of guilt, alleging that Appellant had committed several violations of the conditions of his deferred adjudication. 

The trial court conducted a hearing on the State’s first amended petition. Appellant pleaded not true to the alleged violations.  At the conclusion of the hearing, the trial court found that Appellant had committed some of the alleged violations and adjudicated Appellant guilty of the charged offense.  Following a separate punishment hearing, the trial court sentenced Appellant to twenty-five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice. 

On appeal, Appellant complains in one point that the trial court abused its discretion by assessing an unduly harsh and excessive sentence of twenty-five years.  The record establishes that, beginning shortly after he married his wife, Appellant sexually abused his step-daughter while she was between the ages of six and ten.  At the hearing on the petition to proceed to adjudication, the State offered testimony from Appellant’s supervision officer, a psychotherapist in charge of Appellant’s sex offender treatment program, a family friend, and Appellant’s wife.  

At the conclusion of the hearing, the trial court found that, as alleged by the State, Appellant had committed a number of violations of the conditions of his deferred adjudication, in that he used a prostitute as admitted verbally and in writing to his supervision officer; he left Tarrant County and went to Cresson, Texas on September 5, 2003, and Henderson, Texas on August 15, 2004, without requisite travel authorization by the court or his supervision officer; and he failed to comply with the court’s order to provide urine specimens on October 11, 2002, and July 1, 2003, as directed by his supervision officer for testing for controlled substances. 

Additionally, the trial court found that, contrary to supplemental conditions that had been imposed, Appellant failed to complete aftercare treatment for sex offenders within three years of initiation of the treatment, having begun treatment on January 29, 2001, and having completed only fifty percent of the sessions; that he failed to pay all costs of evaluation/counseling/treatment as ordered, in that he had an outstanding balance of $385.00 owed to Psychotherapy Services, and that he failed to comply with the sex registration procedures, including payment of any costs thereof as required by law, in that he had an outstanding balance of $613.05 for public notification costs.

The court further found that, contrary to the condition that he abstain from the use of alcohol, Appellant admitted to drinking Bud Dry at work on or about August 28, 2003, Bud Lite and Bud Dry during the month of January 2004 and Bud at work on or about September 5, 2003; and, finally, although an additional supplemental condition prohibited Appellant from purchasing, possessing, accessing, or viewing sexually explicit visual or audio material on any medium, he had accessed sexually explicit programs on two separate occasions in the fall of 2003. 

Appellant acknowledges that, at the adjudication hearing, the State produced testimony that supported each of the violations found.  However, in support of his contention that the sentence imposed is excessive, Appellant  urges, first, that other testimony showed that many of the violations were “close calls.”  He testified that the use of a prostitute was due to his marital difficulties and that he fell in love with and moved in with her after he and his wife separated.  While Appellant admitted that he left Tarrant County twice to attend motorcycle races, even though he only had permission to leave the County for work purposes, Appellant points to other evidence that he attended the races as part of his work on design of a work bench for motorcycles—a sideline business pursuit.  Although Appellant’s supervision officer testified that Appellant failed to provide several urine samples when requested, Appellant notes that no positive tests were reported and that his wife testified that he has difficulty urinating due to a medical problem.  Appellant points out that his sex offender treatment therapist acknowledged that Appellant had made current some of the arrearage.  Appellant does not dispute that a long-time friend testified that Appellant accessed pay-per-view adult movies on the friend’s cable television, and that other evidence established that he consumed alcohol on a few occasions.  

Second, Appellant argues that at the sentencing hearing the State called no witnesses and that the trial court ignored significant evidence of positive changes in Appellant as well as a plea for leniency from the complainant herself.  The complainant, who was twenty-two years old at the time of the punishment hearing, testified that—despite the emotional trauma and fear she had suffered, which caused her to marry at age fifteen to escape the household—she had forgiven Appellant and believed he had changed.  She asked that Appellant be given the least amount of time possible.  Appellant’s own sixteen-year-old daughter testified that Appellant is a changed person and a better man since he got off drugs and alcohol, and that she and her mother need him at home.  The family friend testified that she had observed Appellant during his probation, that he had tried very hard to attend the meetings, to get enough money to pay the fees required, and to abide by the strict conditions, and that she believes Appellant is a good man. 

Appellant’s wife testified that Appellant has turned his life over to God and has changed, and she asked the court for leniency.  She explained that Appellant developed cancer in his leg in 2002.  The couple experienced marital problems and separated for a time, but they reunited in February of 2004.  Because of these problems, she said, Appellant stopped doing his treatment homework and stopped concentrating on his probation.  The wife testified that she has forgiven Appellant for molesting her daughter and that she loves him; if he had not changed, the wife said, she would have fed him to the dogs.  

Although Appellant is correct that the State offered no witnesses at the punishment hearing, other evidence was developed by the State’s cross-examination of Appellant’s witnesses.  Testimony from the complainant established that Appellant had maneuvered her into being alone in the apartment so that he could molest her over the period of time when she was aged six to ten, and his offense had included performing oral sex on her, putting his fingers and hands inside her sexual organ, forcing her to masturbate in front of him, masturbating in front of her, and ejaculating on her.  Appellant’s wife was unable to supply any facts to support her testimony that Appellant is a changed man except that he is no longer using speed and marijuana, and that she is now on welfare and needs Appellant’s financial support.  

On cross-examination, the wife acknowledged several facts that seemingly contradicted her testimony that Appellant had changed.  First, she acknowledged that Appellant continued to drink during probation, and that he came home so drunk one night that he took off his clothes and got into bed where his wife and their other daughter were sleeping.  In addition, she testified that in October of 2003, Appellant tested positive for gonorrhea and admitted that he had been with a prostitute.  Appellant also admitted to her that he had been abusing his travel permit for personal use, including using it to see his girlfriend in Grapevine.  The wife testified that Appellant manipulated her into doing treatment homework for him, and that he quit the antidepressants he is supposed to take, saying, “[A]ll I need is for these money hungry motherfuckers to leave me alone.”  Furthermore, Appellant attempted to persuade his girlfriend to be named as his chaperone for probation purposes by telling her that his step-daughter lied about the sexual abuse. 

Appellant testified that he changed when he got off drugs in 1989,  explaining that methamphetamine was what had messed up his life.  He testified that the molestation of his step-daughter had occurred ten years prior to his prosecution and plea-bargain, that he had steadily improved during the subsequent years after the sexual abuse ended, and that he had been on probation an additional four years for the offense.  However, Appellant  admitted that, during his probation, he had masturbated to thoughts of his step-daughter while viewing a neighbor in her backyard, that he had continued to drink, and that he had viewed pornography.  Appellant also admitted that he had almost molested his first daughter when she was two years old, but stopped himself before it happened.  

Appellant did not object to the excessiveness of his sentence at the time it was imposed, nor did he raise the issue in a motion for new trial.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if those grounds are not apparent from the context of the request, objection, or motion. 
Tex. R. App. P
. 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied,
 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule. 
Tex. R. App. P
. 33.1(a)(2); 
Mendez v. State,
 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  

Generally, an appellant may not raise an error regarding his sentence where he failed to object or raise the error in the trial court.
  Mercado v. State
, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). Appellant waived his complaint of excessiveness on appeal because he did not object to the trial court’s sentence in the trial court. 
 See McCall v. State, 
No. 05-03-01609-CR, 2004 WL 1842926, at *1 (Tex. App.—Dallas August 18, 2004, no pet.) (not designated for publication) (holding that failure to raise excessiveness of sentence at punishment hearing or in motion for new trial preserved nothing for review); 
Tipton v. State, 
No. 2-02-092-CR, 2003 WL 1564325, at *2 (Tex. App.—Fort Worth March 27, 2003, pet. ref’d) (mem. op.) (not designated for publication)
(same). 

Even if we were to reach the merits of his complaint, Appellant recognizes that, generally, punishment imposed within the statutory limits is not subject to challenge for excessiveness.  
Jordan v. State
, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); 
Alvarez v. State, 
63 S.W.3d 578, 580 (Tex. App.— Fort Worth 2001, no pet.).  A plea bargain that results in deferred adjudication community supervision is completed at the time the defendant is placed on deferred adjudication community supervision.  
Vidaurri v. State
, 49 S.W.3d 880, 887-88 (Tex. Crim. App. 2001) (Johnson, J., concurring).  The entire range of punishment remains open to the trial court after adjudication.  
Woods v. State
, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); 
Vidaurri, 
49 S.W.3d at 885.
  Thus, Appellant faced a sentence of from five to ninety-nine years and a fine not to exceed $10,000.  
See 
Tex
. Penal Code Ann.
 § 22.021 (Vernon Supp. 2005).   

Twenty-five years is in the lower to middle of that range.  There is no indication in the record that the trial court did not consider the mitigating evidence and pleas for leniency by Appellant’s witnesses, including the complainant.  Considering the record and the gravity of the offense, Appellant’s sentence is not excessive.  
See Dale v. State
, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.).

We will apply a narrow exception to the general rule that a sentence within the statutory limits is not excessive, cruel, or unusual if the sentence is grossly disproportionate to the offense. 
 Id.; Alvarez, 
63 S.W.3d at 580; 
see also Harmelin v. Michigan
, 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 2707 (1991) (Kennedy, J., concurring);
 Solem v. Helm
, 463 U.S. 277, 290-92, 103 S. Ct. 3001, 3010-11 (1983).  Appellant did not raise a disproportionate punishment complaint under the Texas or United States constitutions either in the trial court or in this court. 
 See 
Curry v. State,
 910 S.W.2d  490, 497
 (Tex. Crim. App. 1995) (reasoning that even constitutional rights, including the right to be free from cruel and unusual punishment, may be forfeited).  Accordingly, Appellant has failed to preserve this complaint for appellate review
.  
Tex. R. App. P. 
33.1(a)
; 
see Ray v. State, 
119 S.W.3d 454, 458-59 (Tex. App.—Fort Worth 2003, pet. ref’d) (Gardner, J., concurring);  
Crawford v. State
, 2-04-299-CR,  2005 WL 1477958, at *4 (Tex. App.—Fort Worth June 23, 2005, pet. ref’d) (not designated for publication). 
 We overrule Appellant’s sole point
.

CONCLUSION

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DAUPHINOT, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 29, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.