COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-038-CR

 

 

GREGORY CLARK STRINGHAM                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In one point, Appellant
Gregory Clark Stringham argues that the trial court abused its discretion when
assessing Appellant=s
punishment.  We affirm.

                                            Background








Appellant was indicted for
possession of cocaine with intent to deliver. 
Pursuant to a plea bargain agreement, Appellant pleaded nolo contendere,
and the trial court placed him on deferred adjudication community supervision
for seven years.  The State later filed a
petition to proceed to adjudication, alleging that Appellant failed to report
to the community supervision officer, among other violations of the conditions
of community supervision.  Appellant
pleaded Anot true.@  The trial court found the failure-to-report
allegation true and found Appellant guilty of the lesser-included offense of
possession of one to four grams of cocaine. 
The trial court sentenced Appellant to three years= imprisonment.

                                             Discussion








Generally, punishment imposed
within the statutory limits is not subject to challenge for excessiveness.  Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Alvarez v. State, 63 S.W.3d 578, 580 (Tex. App.C Fort Worth 2001, no pet.).  The
discretion of the trial judge in assessing a term of confinement is limited
only by the maximum provided by law.  Tamminen
v. State,  653 S.W.2d 799, 803 (Tex.
Crim. App. 1983).  A plea bargain that
results in deferred adjudication community supervision is completed at the time
the defendant is placed on deferred adjudication community supervision.  Vidaurri v. State, 49 S.W.3d 880,
887-88 (Tex. Crim. App. 2001) (Johnson, J., concurring).  The entire range of punishment remains open
to the trial court after adjudication.  Woods
v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); Vidaurri, 49
S.W.3d at 885.

The statutory range of
punishment for possession of one to four grams of cocaine is two to ten years= imprisonment and a fine of up to $10,000.  Tex.
Health & Safety Code Ann. ' 481.115(c) (Vernon 2003); Tex.
Penal Code Ann. ' 12.34
(Vernon 2003).  Thus, the trial court=s sentence of three years= imprisonment was within the statutory limits and, indeed, close to
the minimum end of the punishment range.








Appellant points to Jackson
v. State as authority for the proposition that a trial court may abuse its
discretion even when its sentence is within the statutory range.  680 S.W.2d 809, 817 (Tex. Crim. App.
1984).  Jackson is distinguishable
from this case.  In Jackson,
sentence was imposed by a judge who did not preside over the guilt/innocence
phase of trial, had no access to the record of the guilt/innocence phase, and
heard no evidence at the sentencing hearing. 
Id. at 814.  The court held
that, under those unusual circumstances, the trial court abused its discretion
by sentencing Appellant even though the sentence was within the statutory
limits because there was Anothing at
all on which the punishment decision could have been based.@  Id.  By contrast, the record in this case reflects
that the same judge presided over all of the proceedings in Appellant=s case from its inception in 1999, including the hearing on Appellant=s nolo contendere plea, the hearing on the State=s motion to proceed to adjudication, and the punishment hearing.

We hold that the trial court
did not abuse its discretion by imposing a three-year sentence.  We overrule Appellant=s sole point.

PER CURIAM

 

PANEL F:    GARDNER, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 8, 2007











[1]See Tex. R. App. P. 47.4.