COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
 2-05-401-CR

        
2-05-402-CR

        
2-05-403-CR

        
2-05-404-CR

        
2-05-405-CR

 

 

DAVID LEE MCGEE                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST  DISTRICT COURT
OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

Appellant David Lee McGee
appeals his convictions for aggravated sexual assault of a child.  We affirm. 









II. Background

McGee was charged by
indictment in five cases with aggravated sexual assault of a child under
fourteen years of age.  Some of the
indictments alleged more than one count, but all counts not waived contained
the above charge.  In each case, McGee
entered an open plea of guilty before the court and requested that the court
order a presentence investigation and assess punishment.

The victim outcry statement
established that McGee had sexually assaulted both of his daughters on numerous
occasions.  In an apparent attempt to
explain McGee=s conduct,
both he and his sister testified at the guilty plea hearing that McGee himself
had been the victim of sexual abuse as a child. 
After the presentence investigation and punishment hearing, the court
assessed punishment at life confinement for each offense to run concurrently. 

III. Standard of Review








McGee=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California,
386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of
the record demonstrating why there are no arguable grounds for relief.  McGee has also filed a pro se brief.

Once McGee=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
and to essentially rebrief the case for McGee to see if there is any arguable
ground that may be raised on his behalf. 
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

McGee entered an open plea of
guilty, so he waived the right to appeal any nonjurisdictional defects, other
than the voluntariness of his plea, that occurred before entry of the plea so
long as the judgment of guilt was rendered independent of, and is not supported
by, the alleged error.  See Young v.
State, 8 S.W.3d 656, 666B67 (Tex. Crim. App. 2000); Lewis v. State, 911 S.W.2d 1, 4B5 (Tex. Crim. App. 1995). 
Therefore, our independent review of the record is limited to potential
jurisdictional defects, the voluntariness of McGee=s plea, error that is not independent of the judgment of guilt, and
potential error occurring after the guilty plea.  See Young, 8 S.W.3d at 666B67.  

A. Jurisdiction 








Our review of the record
reveals no jurisdictional defects.  The
trial court had jurisdiction over the case. 
See Tex. Code Crim. Proc.
Ann. art. 4.05 (Vernon 2005). 
Further, the indictment conferred jurisdiction on the trial court and
provided McGee with sufficient notice.  See Tex. Const. art. V, ' 12; Duron v. State, 956 S.W.2d 547, 550B51 (Tex. Crim. App. 1997).

B. Voluntariness of the Plea 

In his pro se brief, McGee
does not assert that his guilty plea was involuntary.  In fact, McGee states that he only wishes to
appeal the punishment phase of his case. 
Moreover, our independent review of the record has revealed no fact or
circumstance indicating that McGee=s plea was entered involuntarily. 


C. Potential Error Before
McGee=s Guilty
Plea

The record reveals that no
error occurred before the judgment of guilt was entered.  The judgment was based on McGee=s plea and his signed judicial confession.  As a result, there is no appealable error
under the holding of Young.  8
S.W.3d at 666B67. 

D. Potential Error After
McGee=s Guilty
Plea








In his pro se brief, McGee
complains of his attorney=s failure to
object to two particular questions during the punishment hearing.  McGee claims he was harmed because his counsel
did not object when he (McGee) was asked whether he had threatened to rape and
murder his daughters if they reported the assaults.  McGee contends that he had already replied Ano@ to a
similar question.[2]  McGee also complains about his counsel=s failure to object to a question that McGee characterizes as a Aberating@
statement.  

Assuming, for argument=s sake, that counsel should have objected to these questions, an
isolated failure to object to certain procedural mistakes or improper evidence
does not constitute ineffective assistance of counsel.  See Ingham v. State, 679 S.W.2d 503,
509 (Tex. Crim. App. 1984).  Where the
record is silent as to counsel=s reason for failing to object, the appellant fails to rebut the
presumption that counsel acted reasonably. 
Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  

The record
evidence does not contain any evidence regarding McGee=s counsel=s reasons or
strategy regarding the challenged actions.  Absent explanations for counsel=s reasons for not
objecting, McGee has failed to overcome the presumption that the failure to
object was sound trial strategy, and his claim must fail.  See Ramos v. State, 45 S.W.3d 305, 311
(Tex. App.CFort Worth 2001, pet. ref=d).  We discern no reversible error
during the punishment hearing. 
Therefore, we overrule McGee=s first issue.








McGee also argues in his
second issue that the facts of the case do not support the sentence that was
given.  As stated above, McGee pleaded
guilty to aggravated sexual assault of a child under fourteen years of age,
which is a first degree felony.  See
Tex. Penal Code Ann. ' 22.021(e) (Vernon Supp. 2006). 
The life sentence assessed by the trial court is within the statutorily
permissible range for this offense.  See
id. ' 12.32 (Vernon 2003). 
Punishment assessed within the statutory limits is generally not
excessive, cruel, or unusual punishment. 
See Alvarez v. State, 63 S.W.3d 578, 580 (Tex. App.CFort Worth 2001, no pet.). 
Thus, we overrule McGee=s second issue.    

IV. Conclusion

After independently reviewing
the record, we agree with appellate counsel=s determination that the appeals are frivolous.  Accordingly, we grant appellate counsel=s motion to withdraw and affirm the trial court=s judgments.

 

PER CURIAM

 

PANEL F:    MCCOY, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 22, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]The
first question was simply, ADo you admit that you
threatened those girls not to tell anyone what was going on with them?@