**Jaime Ines ALVAREZ, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–01–058–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 6, 2001.

Deborah Nekhom, Fort Worth, Dean M. Swanda, Arlington, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant Criminal District Attorney and Chief of the Appellate Section, Danielle A. LeGault and Jay Lapham, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Panel F: CAYCE, C.J., GARDNER and WALKER, JJ.

## OPINION

GARDNER, Justice.

Appellant Jaime Ines Alvarez appeals his conviction for aggravated sexual assault of his daughter J.A., a child under fourteen years of age. Appellant was charged with intentionally or knowingly causing the sexual organ of J.A. to contact his penis. He pleaded guilty to a jury, and the jury assessed his punishment at fifty-five years' confinement. In two issues, he contends that his sentence constitutes cruel and unusual punishment and that his guilty plea was involuntary because the trial court failed to admonish him regarding the sex offender registration requirement. We affirm.

## CRUEL AND UNUSUAL PUNISHMENT

■ In his first issue, appellant contends that his fifty-five-year sentence is grossly disproportionate to the crime and thus constitutes cruel and unusual punishment under the Eighth Amendment.[1] U.S. CONST. amend. VIII. According to appellant, the sentence "reflects a lynch-mob mentality with no rational relation to the offense itself." He points out that the State asked the jury to assess only a forty-five-year sentence, that he has no criminal record in the United States or Mexico, that he worked and supported his family, that his family needs him, and that there is no evidence J.A. was traumatized by the incident. He argues that the evidence suggests he is "a decent, respected, hardworking, considerate, and respectful man whose judgment was disinhibited and impaired by the use of alcohol and drugs." To further demonstrate the disproportionality of his sentence, he argues that if he had committed a comparable federal offense, he would have been subject to a sentence of approximately eleven to fourteen years.

■ Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment. *Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App. 1973). A narrow exception to this rule is recognized where the sentence is grossly disproportionate to the offense. *See Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. filed); *see also Harmelin v. Michigan*, 501 U.S. 957, 1004–05, 111 S.Ct. 2680, 2707, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring); *Solem v. Helm*, 463 U.S. 277, 290–92, 103 S.Ct. 3001, 3010–11, 77 L.Ed.2d 637 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992).

■ The Supreme Court identified three criteria to be used to evaluate the

---

1. For purposes of this opinion, we assume appellant preserved this complaint by raising the issue in his motion for new trial. *See* TEX.R.APP. P. 21, 33.1(a).

proportionality of a particular sentence. *See Solem,* 463 U.S. at 292, 103 S.Ct. at 3011. They are (1) the gravity of the offense and the harshness of the punishment, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for the same offense in other jurisdictions. *Id.* In a proportionality analysis, we first make a threshold comparison of the gravity of the offense against the severity of the sentence. *Moore,* 54 S.W.3d at 542. We judge the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender. *Id.* Only if we determine that the sentence is grossly disproportionate to the offense do we consider the remaining *Solem* factors. *Id.*

Here, appellant admitted to committing aggravated sexual assault of a child by intentionally causing his penis to contact the sexual organ of his five-year-old daughter. Aggravated sexual assault is a first-degree felony, punishable by life imprisonment or five to ninety-nine years' imprisonment and a $0 to $10,000 fine. TEX. PENAL CODE ANN. § 22.021(e) (Vernon Supp.2002). Given the nature of the offense, appellant's relationship to the child victim, and his wife's testimony that appellant would have continued access to his daughter should he be released from custody, we cannot conclude his fifty-five-year sentence is grossly disproportionate to the offense. We overrule appellant's first issue.

### FAILURE TO ADMONISH

■ In his second issue, appellant contends the trial court erred by failing to admonish him that he would have to register as a sex offender as a result of his guilty plea and that the trial court's failure to do so rendered his plea unknowing and involuntary. *See* TEX.CODE CRIM. PROC. ANN. arts. 26.13(a)(5), 62.02 (Vernon Supp. 2002). Prior to appellant's trial, the trial court orally admonished appellant regarding the range of punishment for the offense and the deportation consequences of a guilty plea, but failed to admonish him regarding the sex offender registration requirement. *See id.* art. 26.13(a)(1), (4)–(5).

■ Pursuant to article 26.13(a) of the code of criminal procedure, before accepting a guilty plea, the trial court must admonish the defendant, orally or in writing, of the range of punishment, the possibility of deportation, and the fact that the defendant will be required to register as a sex offender, if applicable. *Id.* art. 26.13(a)(1)–(5), (d) (Vernon 1989 & Supp. 2001). The admonishments under article 26.13(a) are not constitutionally required because their purpose and function is to assist the trial court in making the determination that a guilty plea is knowingly and voluntarily entered. *Aguirre–Mata v. State,* 992 S.W.2d 495, 498–99 (Tex.Crim. App.1999). Thus, a trial court commits nonconstitutional error when it fails to admonish a defendant on one of the statutorily required admonishments. *Id.; Carranza v. State,* 980 S.W.2d 653, 655–56 (Tex. Crim.App.1998).

■ Nonconstitutional error is to be disregarded, unless it affects a substantial right of the appellant.[2] TEX.R.APP. P. 44.2(b). In this context, a substantial right is affected if appellant was unaware of the consequences of his plea and was misled or

---

**2.** Appellant relies heavily on *Matchett v. State,* 941 S.W.2d 922, 927–28 (Tex.Crim.App. 1996), *cert. denied,* 521 U.S. 1107, 117 S.Ct. 2487, 138 L.Ed.2d 994 (1997), for the proposition that all errors are presumed harmful until the State rebuts that presumption. Because *Matchett* was decided under old rule of appellate procedure 81(b)(2), it is not controlling.

harmed by the admonishment of the trial court. *Carranza*, 980 S.W.2d at 658.[3] We assess the harm to appellant, if any, after reviewing the record. *See Johnson*, 43 S.W.3d at 5.

Since article 26.13(a) was amended to include admonishments regarding the sex offender registration requirement, several courts of appeals have addressed the issue of whether a trial court's failure to admonish a defendant regarding the registration requirement affects a guilty plea. The majority of those courts have applied the *Carranza* standard of review in conjunction with the concepts of direct versus collateral consequences of a plea in determining whether reversible error occurred and the defendant's plea was invalidated. *See, e.g., Thompson v. State*, 59 S.W.3d 802, 806–07 (Tex.App.—Texarkana 2001, pet. filed); *Shankle v. State*, 59 S.W.3d 756, 759–62 (Tex.App.—Austin 2001, pet. filed); *Ducker v. State*, 45 S.W.3d 791, 793–96 (Tex.App.—Dallas 2001, no pet.).

■ Generally, if a defendant is fully advised of the direct consequences of his plea, his ignorance of a collateral consequence does not render the plea involuntary. *State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex.Crim.App.1999); *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim. App.1997), *cert. denied*, 525 U.S. 810, 119 S.Ct. 40, 142 L.Ed.2d 31 (1998). Each of the courts cited above initially concluded that the admonishments under article 26.13(a)(5) regarding sex offender registration are only collateral and that the failure to admonish a defendant, alone, does not invalidate a guilty plea. *See Thompson*, at 806–07; *Shankle*, at 759–62; *Ducker*, 45 S.W.3d at 793–96; *see also Ruffin v. State*,

3 S.W.3d 140, 144 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd) (holding sex offender registration is collateral consequence of plea); *Guzman v. State*, 993 S.W.2d 232, 235–36 (Tex.App.—San Antonio 1999, pet. ref'd) (same), *cert. denied*, 528 U.S. 1161, 120 S.Ct. 1174, 145 L.Ed.2d 1082 (2000). The courts then proceeded to apply the *Carranza* standard of review to the facts of the particular cases.

In *Thompson* and *Ducker*, the courts determined that, in the absence of evidence that the defendant was unaware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment, no reversible error occurred. *See Thompson*, at 807; *Ducker*, 45 S.W.3d at 795–96. However, in *Shankle*, the court determined that, even though registration is a collateral consequence, the registration requirement was so serious that the trial court's failure to admonish the defendant regarding registration affected a substantial right and was reversible error. *Shankle*, at 761–62.

One other court of appeals has addressed this issue and concluded that the error was harmless under the *Carranza* standard without engaging in an analysis of whether registration was a direct or collateral consequence of the defendant's plea. *See Torres v. State*, 59 S.W.3d 365, 367–68 (Tex.App.—Houston [1st Dist.] 2001, no pet. h.). In *Torres*, the court also found that the trial court's failure to admonish the defendant of the registration requirement was harmless error in the absence of evidence that the defendant was unaware of the consequences of his plea and that he was misled or harmed by

---

**3.** Under *Carranza*, the court of criminal appeals imposed upon the defendant the burden of proof to show he was unaware of the consequences of his plea and that he was misled or harmed by the admonishment of the

trial court. *Carranza*, 980 S.W.2d at 658. The court of criminal appeals has since made it clear that an appellant has no burden to show harm under rule 44.2(b). *Johnson v. State*, 43 S.W.3d 1, 5 (Tex.Crim.App.2001).

the trial court's admonishment. *Id.* at 367–68.

We are persuaded by the reasoning in *Ducker*, which we will not repeat here. We conclude that sex offender registration is a collateral consequence of appellant's guilty plea and that the trial court's failure to admonish him regarding the registration requirement did not render his plea involuntary. *See Ducker*, 45 S.W.3d at 794–96.

Further, although we agree that the registration requirement is a serious consequence of appellant's plea, in the absence of evidence in the record that appellant was unaware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment, we conclude the trial court's failure to admonish appellant regarding the registration requirement was harmless error. *See Torres*, at 367–68; *Thompson*, at 806–07; *Ducker*, 45 S.W.3d at 793–96; *but see Shankle*, at 759–61. Appellant admitted to sexually assaulting his five-year-old daughter. Appellant understood the range of punishment for the offense and that the trial court would instruct the jury to find him guilty as a result of his guilty plea and that he would be sentenced accordingly.[4] There is no evidence that he was unaware of the registration requirement or that he would not have pleaded guilty if the trial court had properly admonished him regarding registration. We overrule appellant's second issue.

We affirm the trial court's judgment.

---

**4.** Appellant, who is illegally in the United States, further understood the potential deportation consequences of his plea.