CRATER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-415-CR

LARRY DARNELL CRATER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury convicted Appellant Larry Darnell Crater of sexual assault of a child under the age of seventeen and assessed his punishment at two years’ confinement.  We affirm.  

II.  The 
Anders
 Brief

Crater’s court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Crater’s counsel presents two arguable grounds on appeal, which he concludes are not meritorious:  whether the jury erred by failing to grant Crater community supervision and whether the jury’s two-year sentence was excessive.  We will address these arguments within the context of our independent examination of the record because they coincide.  Crater did not file a pro se brief.  He did, however, file a document stating that he “would like to familiarize the court with” a number of “grounds for an appeal.”  Although the document does not contain any substantive argument, only asserted points, we will construe it liberally and address Crater’s “grounds” within the context of our independent review.  The State has not filed an appellate brief.

III.  Factual and Procedural Background

A.M., the victim, first met Crater, called “Brother Larry” by his friends, while attending a Sunday school class that Crater taught at the Fountain of Living Waters Church.  Crater became friends with A.M. and her family, and A.M. looked up to Crater as a father figure and someone whom she could trust.  A.M., her family, Crater, and Crater’s wife, Shelley Ann Crater, all eventually ended up attending the Throne of Grace International Church where the two families maintained their friendship.  A.M. often sought out Crater for advice on topics like school, life, and issues that she felt uncomfortable discussing with her mother.

Late at night on July 11, 2002, Crater called A.M.’s residence and spoke to her about how she was doing, how her day went, and where her mother was.  During the conversation, A.M. mentioned something about a Slurpee, and Crater asked if she wanted to go buy one, to which A.M. responded that she did.  A.M. also testified that she wanted to talk to Crater about being intimate with her boyfriend.  Crater arrived shortly thereafter in his van; A.M., wearing shorts and a shirt, entered it, and they drove off.

Crater and A.M. went to a gas station where Crater purchased a Slurpee for A.M. and breath mints for himself.  Afterwards, the two drove around and discussed A.M.’s relationship with her boyfriend.  Crater began to rub A.M.’s back and touch her leg.  Crater asked A.M. where her “hot spot” was and told her that she was beautiful and that she could have anything she wanted out of life.  Crater then penetrated A.M.’s vagina with his fingers, and A.M. grabbed his shirt because she wanted him to stop.  Crater removed his fingers and told A.M., “You’re wet.”  The two arrived back at A.M.’s residence to find A.M.’s mother and Crater’s wife waiting outside, angry.  A.M. later told the pastor of her church and a Fort Worth Police detective about the incident.

Police subsequently interviewed Crater, at which point he voluntarily gave a written statement contending that A.M. pulled his hand towards her and caused it to “touch her vagina” for maybe fifteen to thirty seconds.  Crater wrote in the statement that he told A.M. that she was “wet.”  Police later obtained a warrant and arrested Crater.  He pleaded not guilty to sexual assault of a child under age seventeen and indecency with a child by contact.  At trial, the trial court admitted his written statement, and the interviewing detective read it before the jury without objection.  Crater chose not to testify in either the guilt-innocence or the punishment phase of trial.  A jury convicted Crater of the sexual assault offense and assessed his punishment at two years’ confinement.

IV.  Independent Review

A.  Jurisdiction

Our review of the record reveals no jurisdictional defects.  Criminal District Court Four in Tarrant County had jurisdiction over the case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon 2005).  The indictment conferred jurisdiction on the trial court and provided Crater with sufficient notice of the charges against him.  
See
 
Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

B.  Sufficiency of the Evidence

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).
  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.

In contrast, when reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.

A person commits sexual assault of a child if the person intentionally or knowingly causes the penetration of the anus or female sexual organ of a child by any means.  
Tex. Penal Code Ann.
 § 22.011 (Vernon Supp. 2004-05).  A child is defined as “a person younger than 17 years of age who is not the spouse of the actor.”  
Id
. § 22.011(c)(1).

Here, the evidence established that Crater intentionally or knowingly penetrated A.M.’s vagina with his fingers and that she was younger than seventeen years of age and not Crater’s spouse at the time of the incident. Crater contended in his statement that A.M. directed his hand towards her vagina, but A.M.’s testimony reflected otherwise.  The jury, as the fact finder, was entitled to resolve this conflict in the evidence against Crater.  Crater’s statement that “[t]he only evidence . . . the State had to convict me was heresay [sic] and was illegal, insufficient, and uncompetent [sic]” is without merit.  Moreover, Crater’s statement that “[t]he State hid evidence favorable to the accused” is not supported by the entire record.  Accordingly, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  
Jackson
, 443 U.S. at 319.  Additionally, considering the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt; 
the evidence supporting the verdict is not too weak to support the finding of guilt beyond a reasonable doubt and, weighing all of the evidence, the contrary evidence is not so strong that guilt cannot be proven beyond a reasonable doubt.  
Zuniga, 
144 S.W.3d. at 484-85.  We hold that the evidence is both legally and factually sufficient to support the jury’s verdict.

C.  Jury Charge

The trial court’s charge on guilt-innocence properly defined the law and properly applied the law to the facts of the case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 36.16 (Vernon 1981).  The jury charges at both the guilt-innocence and punishment stages of the trial do not contain reversible error.

D.  Effective Assistance of Counsel

We construe seven of Crater’s “grounds” for an appeal as allegations of ineffective assistance of counsel.  He contends that his attorney failed to file a motion for a witness list and a motion to quash his statement, that a defense witness was not allowed to testify because of the poor judgment of his counsel, that his counsel did not request a continuance, that he was not ready for trial, that a conflict between he and his attorney led to unfair representation, and that an investigator was never appointed to the case.

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that 
his
 counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 813.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id.
 at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.

The record reflects that Crater’s trial counsel filed numerous motions, including a “Motion for Discovery Of State’s Witness List” and a motion to suppress Crater’s written or oral statements.  Trial counsel gave a persuasive opening statement and closing argument and cross-examined the State’s witnesses with skill.  At both stages of the trial, Crater briefly testified that he did not wish to testify before the jury.  Crater’s grounds regarding a continuance, the failure of a defense witness to testify, the lack of an investigator being appointed, and a conflict between he and his attorney are simply not affirmatively demonstrated in the record.  The record is also silent as to defense counsel’s strategies for not hiring an investigator and not moving for a continuance.  Consequently, Crater has not overcome the presumption that he was adequately represented by counsel.  
See
 
Strickland
, 466 U.S. at
 690.  Accordingly, our review of the entire record does not reveal that trial counsel was ineffective.

E.  Punishment

In his two arguable grounds, Crater’s counsel proposes that the 
jury erred by failing to grant Crater community supervision and that the jury’s two-year sentence is excessive.  Sexual assault of a child is a second-degree felony punishable by two to twenty years in prison.
  
Tex. Penal Code Ann.
 § 12.33(a) (Vernon 2003), § 22.011(f).  The jury sentenced Crater to two years in prison, which is at the low end of the statutory range of punishment.  
See Alvarez v. State
, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.) (stating that punishment assessed within the statutory limits is generally not excessive, cruel, or unusual punishment).  Moreover, an award of community supervision is a contractual privilege, not a right.  
Speth v. State
, 6 S.W.3d 530, 534-35 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1088 (2000).  The jury had the option of recommending community supervision; it chose otherwise. Accordingly, our review of the record reveals no reversible error from the punishment phase.

V.  Conclusion

We agree with appellate counsel that the two arguable grounds he raised are not meritorious.  Based upon our independent review of the record, we likewise have determined that there is no error on which an appeal could based or which would require reversal of this case.  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J; CAYCE, C.J.; and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 20, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.