COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-038-CR

GREGORY CLARK STRINGHAM APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In one point, Appellant Gregory Clark Stringham argues that the trial court abused its discretion when assessing Appellant’s punishment.  We affirm.

Background

Appellant was indicted for possession of cocaine with intent to deliver.  Pursuant to a plea bargain agreement, Appellant pleaded nolo contendere, and the trial court placed him on deferred adjudication community supervision for seven years.  The State later filed a petition to proceed to adjudication, alleging that Appellant failed to report to the community supervision officer, among other violations of the conditions of community supervision.  Appellant pleaded “not true.”  The trial court found the failure-to-report allegation true and found Appellant guilty of the lesser-included offense of possession of one to four grams of cocaine.  The trial court sentenced Appellant to three years’ imprisonment.

Discussion

Generally, punishment imposed within the statutory limits is not subject to challenge for excessiveness.  
Jordan v. State
, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); 
Alvarez v. State, 
63 S.W.3d 578, 580 (Tex. App.— Fort Worth 2001, no pet.).  The discretion of the trial judge in assessing a term of confinement is limited only by the maximum provided by law.  
Tamminen v. State,
  653 S.W.2d 799, 803 (Tex. Crim. App. 1983).  A plea bargain that results in deferred adjudication community supervision is completed at the time the defendant is placed on deferred adjudication community supervision.  
Vidaurri v. State
, 49 S.W.3d 880, 887-88 (Tex. Crim. App. 2001) (Johnson, J., concurring).  The entire range of punishment remains open to the trial court after adjudication.  
Woods v. State
, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); 
Vidaurri, 
49 S.W.3d at 885.

The statutory range of punishment for possession of one to four grams of cocaine is two to ten years’ imprisonment and a fine of up to $10,000.  
Tex. Health & Safety Code Ann.
 § 481.115(c) (Vernon 2003); 
Tex. Penal Code Ann.
 §
 12.34 (Vernon 2003).  Thus, the trial court’s sentence of three years’ imprisonment was within the statutory limits and, indeed, close to the minimum end of the punishment range.

Appellant points to 
Jackson v. State
 as authority for the proposition that a trial court may abuse its discretion even when its sentence is within the statutory range.  680 S.W.2d 809, 817 (Tex. Crim. App. 1984).  
Jackson 
is distinguishable from this case.  In 
Jackson
, sentence was imposed by a judge who did not preside over the guilt/innocence phase of trial, had no access to the record of the guilt/innocence phase, and heard no evidence at the sentencing hearing.  
Id
. at 814.  The court held that, under those unusual circumstances, the trial court abused its discretion by sentencing Appellant even though the sentence was within the statutory limits because there was “nothing at all on which the punishment decision could have been based.”  
Id.
  By contrast, the record in this case reflects that the same judge presided over all of the proceedings in Appellant’s case from its inception in 1999, including the hearing on Appellant’s nolo contendere plea, the hearing on the State’s motion to proceed to adjudication, and the punishment hearing.

We hold that the trial court did not abuse its discretion by imposing a three-year sentence.  We overrule Appellant’s sole point.

PER CURIAM

PANEL F: GARDNER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 8, 2007

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.