IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



Nos. 10-08-00025-CR,
10-08-00026-CR, 10-08-00027-CR, 10-08-00028-CR,

10-08-00029-CR,
10-08-00030-CR, and 10-08-00058-CR

 

Brian Lancaster,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court Nos. 07-01488-CRF-272,
07-01490-CRF-272,

07-03055-CRF-272,
07-03056-CRF-272, 07-03057-CRF-272,

07-3058-CRF-272, and
07-01489-CRF-272

 



ABATEMENT ORDER



 

            Appellant’s brief is
overdue, and after notice to appellant’s counsel to file a brief or extension
request, none has been filed.  Therefore, we abate these causes to the trial
court for a hearing to determine: (1) why a brief has not been filed on
appellant’s behalf; (2) whether counsel has abandoned the appeal; (3) whether
appellant still desires to proceed with the appeal; and (4) whether appellant
desires self-representation.  See Tex.
R. App. P. 38.8(b)(3); Fewins v. State, 170 S.W.3d 293 (Tex.
App.—Waco 2005, order).

            The trial court shall
conduct the hearing within 30 days after the date of this order.  The
trial court clerk and the court reporter shall file supplemental records within
45 days after the date of this order.  See Fewins, 170 S.W.3d at
296-97.

                                                                                    PER
CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna 

Appeals
abated

Order
issued and filed December 17, 2008

Do
not publish

[CRPM]








 






Middle align=center style='text-align:center;line-height:
200%'>Punishment

            In her first issue, Rutledge
argues that the trial court’s punishment was cruel and unusual in violation of
the Eighth Amendment of the United States Constitution.  In her second issue on
appeal, Rutledge argues that the trial court’s punishment violated her right to
due process.

Cruel and Unusual
Punishment

            The Eight Amendment
prohibits cruel and unusual punishment, which includes extreme sentences that
are grossly disproportionate to the crime.  Graham v. Florida, --- U.S.
----, 130 S.Ct. 2011, 2021, 176 L.Ed.2d 825 (2010).          The Supreme Court
identified three criteria to be used to evaluate the proportionality of a
particular sentence.  Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001,
3011, 77 L.Ed.2d 637 (1983); Alvarez v. State, 63 S.W.3d 578, 580-2 (Tex.
App.—Fort Worth 2001, no pet.).  They are (1) the gravity of the offense and
the harshness of the punishment, (2) the sentences imposed on other criminals
in the same jurisdiction, and (3) the sentences imposed for the same offense in
other jurisdictions.  Solem v. Helm, 463 U.S. at 292, 103 S.Ct. at 3011;
Alvarez v. State, 63 S.W.3d at 582.  In a proportionality analysis, we
first make a threshold comparison of the gravity of the offense against the
severity of the sentence.  Alvarez v. State, 63 S.W.3d at 582.  Only if
we determine that the sentence is grossly disproportionate to the offense do we
consider the remaining Solem factors.  Id.

            Generally, punishment
assessed within the statutory limits is not excessive, cruel, or unusual
punishment.  Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). 
The sentence falls within the applicable punishment range for each offense. 
The lesser sentences in Count 1 and 2 are to run concurrently with the sentence
in Count 3.  Rutledge was convicted of a first-degree felony in Count 3.  The
punishment range is imprisonment for 5 to 99 years or life.  Tex. Health & Safety Code Ann. §
481.112 (d) (Vernon 2010); Tex. Penal Code
Ann. § 12.32 (a) (Vernon Supp. 2010).  The trial court assessed
punishment 45 years, in the middle of the punishment range.

            Investigator Dickey
testified that in over four years with the drug task force, he has only been
involved in one “bust” for methamphetamines that recovered a larger quantity of
drugs than that possessed by Rutledge.  The record shows that Rutledge both
used and sold methamphetamine for several years.  Rutledge had a number of
regular customers who purchased methamphetamine from her.  At trial, Rutledge’s
attorney asked if she understood that the trial court could “send [her] to the
penitentiary for whatever period of time he chooses?”  Rutledge stated that she
did understand.  The sentence is not grossly disproportionate to the offense. 
The sentence assessed was not cruel and unusual punishment.  We overrule the
first issue.

Due Process

            When a defendant waives a
jury, the trial judge has discretion to assess the punishment within the range
provided by law which he finds appropriate under the circumstances.  Morano
v. State, 572 S.W.2d 550, 551 (Tex. Crim. App. 1978).  A trial court's
arbitrary refusal to consider the entire range of punishment in a particular
case violates due process.  Ex parte Brown, 158 S.W.3d 449, 456 (Tex. Crim.
App. 2005).  There is no evidence that the trial court predetermined Rutledge’s
sentence or refused to consider the entire range of punishment.  The trial
court did not abuse its discretion in assessing Rutledge’s sentence within the
punishment range.  We overrule the second issue.




Conclusion

            We affirm the trial court’s
judgment. 

 

 

                                                                        AL
SCOGGINS

                                                                        Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed May 11, 2011

Do not publish 

[CRPM]

 









[1] Cathy Lynn Rutledge
is also known as Cathy Lynn Wilson.