

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-435-CR

JAMES HARROLD BURCHFIELD                                         APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant James Harrold Burchfield appeals his conviction and sentence

for felony driving while intoxicated enhanced by a prior felony.[2]  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Penal Code Ann. §§ 12.42(a)(3), 49.09(b)(2) (Vernon Supp. 2008).

After appellant waived a jury and entered an open plea of guilty, the trial court reviewed a presentence investigation report ("PSI") and sentenced appellant to seven years' confinement.

In his first issue, appellant argues that seven years is cruel and unusual punishment because the trial court failed to take into account his age and health concerns. The record, however, shows that the trial court explicitly weighed its concerns regarding appellant's health against the danger of him remaining in society. After hearing arguments of counsel, the trial judge stated, "Despite your health problems, I don't feel like you are a good risk for me out in the community, and I cannot feel responsible for anybody's life that you damage or destroy because you go back to drinking alcohol." Thus, appellant's argument that the trial court failed to consider his health is not supported by the record.

Appellant also contends that because he was seventy-five years of age and in poor health at the time of sentencing, he is unlikely to survive his term of confinement. Thus, he argues, seven years in prison amounts to a life sentence for driving while intoxicated, which is grossly disproportionate to the offense committed.

2

We review a sentence imposed by a trial court for an abuse of discretion.[3] As a general rule, a sentence imposed within the statutory limits is not excessive, cruel, or unusual punishment.[4] Appellant's sentence is within the range of punishment set by the legislature for the offense he committed. Driving while intoxicated with felony repetition is a third-degree felony, which appellant's prior felony conviction for retaliation enhanced to a second-degree felony.[5] The statutorily prescribed punishment range for a second-degree felony is two to twenty years' confinement.[6] Appellant's sentence of seven years is well within the prescribed range.

However, a narrow exception to the general rule that a sentence within the statutorily prescribed range is not cruel or unusual punishment is recognized when the sentence is grossly disproportionate to the offense.[7] To evaluate the

---

[3] *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

[4] *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Alvarez v. State*, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.).

[5] *See* Tex. Penal Code Ann. § 49.04(a) (Vernon 2003), §§ 12.42(a)(3), 49.09(b)(2) (Vernon Supp. 2008).

[6] Tex. Penal Code Ann. § 12.33(a) (Vernon 2003).

[7] *See Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd); *see also Harmelin v. Michigan*, 501 U.S. 957, 1004–05, 111 S. Ct. 2680, 2707 (1991) (Kennedy, J., concurring); *Solem v. Helm*, 463 U.S. 277, 290–92, 103 S. Ct. 3001, 3010–11 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849 (1992).

proportionality of a particular sentence, the United States Supreme Court has identified the following criteria:

(1) the gravity of the offense and the harshness of the punishment;

(2) the sentences imposed on other criminals in the same jurisdiction; and

(3) the sentences imposed for the same offense in other jurisdictions.[8]

In conducting a proportionality analysis, we first make a threshold comparison of the gravity of the offense against the severity of the sentence.[9] We judge the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender.[10] Only if we determine that the sentence is grossly disproportionate to the offense do we consider the remaining factors.[11]

Here, appellant pleaded guilty to felony driving while intoxicated enhanced by a prior felony conviction for the offense of retaliation.[12] The previous felony conviction elevated the instant offense to a second-degree felony.[13] Thus, the

---

[8] *See Solem*, 463 U.S. at 292, 103 S. Ct. at 3011.

[9] *Moore*, 54 S.W.3d at 542.

[10] *Id*. (citing *Solem*, 463 U.S. at 291–92, 103 S. Ct. at 3010).

[11] *Id*.

[12] Tex. Penal Code Ann. § 49.09(b)(2).

[13] *Id*. § 12.42(a)(3) (Vernon Supp. 2008).

offense appellant committed is classified as within the third most serious category of offenses in Texas; only capital offenses and first degree felonies are more serious. The harm threatened to society is significant: automobile fatalities, injuries, and pecuniary loss caused by drunken drivers. Finally, appellant's culpability is great. His trial counsel conceded that appellant has over a fifty-year history of arrests that are alcohol related, in addition to arrests for other offenses. Under these circumstances, a seven-year sentence is not grossly disproportionate to the offense appellant committed.[14] Because we do not find the threshhold test to be satisfied, we need not apply the remaining elements of the *Solem* test. Appellant's first issue is overruled.

In his second issue, appellant complains that the trial court erred by relying on the PSI to assess his sentence. He contends that article 42.12 section 9(a) of the code of criminal procedure "implies that the PSI officer should not make any recommendation." Thus, he argues, because the trial

---

[14] *See Robertson v. State*, No. 12-01-00241-CR, 2002 WL 31845862, at *2 (Tex. App.—Tyler Dec. 20, 2002, no pet.) (not designated for publication) (holding seven-year sentence for *third*-degree felony DWI not grossly disproportionate); *Delacruz v. State*, No. 06-04-00062-CR, 2005 WL 14083, at *2 (Tex. App.—Texarkana Jan. 4, 2005, no pet.) (mem. op., not designated for publication) (holding *ten*-year sentence for third-degree felony DWI for defendant with no prior felonies not grossly disproportionate).

court relied on the recommendation in the PSI, it violated section 9(a) and committed fundamental error.[15]

Texas Code of Criminal Procedure article 42.12, section 9(a) provides for the preparation of a PSI. In pertinent part, it states that "It is not necessary that the report contain a sentencing recommendation. . . ."[16] By the statutes's plain language, the inclusion of a sentencing recommendation is optional. If a sentencing recommendation is optional, it is not improper for the author of the PSI to make one.

Moreover, the record shows that the trial court's stated reasons for imposing the seven-year sentence were the dangers appellant imposed on the community, not because the PSI suggested it. We overrule appellant's second issue.

Having overruled both of appellant's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

---

[15] *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 9(a) (Vernon Supp. 2008).

[16] *Id.*

6

DELIVERED:  August 13, 2009