

# IN THE
## TENTH COURT OF APPEALS

### No. 10-10-00194-CR

**CATHY LYNN RUTLEDGE,**
**AKA CATHY LYNN WILSON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 413th District Court**
**Johnson County, Texas**
**Trial Court No. F43557**

## MEMORANDUM  OPINION

Cathy Lynn Rutledge[1] was indicted in Count 1 for the offense of delivery of a controlled substance, methamphetamine, in an amount of less than one gram. Count 2 alleged delivery of a controlled substance, methamphetamine, in an amount of one gram or more, but less than four grams. Count 3 alleged that Rutledge was in possession with intent to deliver a controlled substance, methamphetamine, in an amount of four grams or more but less than two hundred grams. Rutledge entered an

---

[1] Cathy Lynn Rutledge is also known as Cathy Lynn Wilson.

open plea of guilty to all three counts. The trial court assessed her punishment at 2 years confinement in a state jail facility for Count 1 and 15 years confinement in the Texas Department of Criminal Justice – Institutional Division for Count 2. In Count 3, the trial court assessed punishment at 45 years confinement in the TDCJ-ID and a $5000 fine. We affirm.

## Background Facts

Police received a tip of suspicious activity at Rutledge's residence from her neighbors. After months of surveillance, officers went to the residence and asked for consent to search. Consent to search the residence was denied. Some time later, Investigator Brent Dickey arranged for a confidential informant to purchase methamphetamine from Rutledge at her residence. The confidential informant purchased methamphetamine from Rutledge on two separate occasions. Investigator Dickey was then able to obtain a search warrant for Rutledge's residence. Execution of the search warrant resulted in the discovery of 73.4 grams of methamphetamine.

Steve Cobb testified that he and Rutledge lived together at the time of the drug transactions and execution of the search warrant. Cobb knew that Rutledge was selling methamphetamine. Cobb stated that Rutledge had approximately twelve customers who purchased drugs from her.

## Punishment

In her first issue, Rutledge argues that the trial court's punishment was cruel and unusual in violation of the Eighth Amendment of the United States Constitution. In her

second issue on appeal, Rutledge argues that the trial court's punishment violated her right to due process.

## Cruel and Unusual Punishment

The Eight Amendment prohibits cruel and unusual punishment, which includes extreme sentences that are grossly disproportionate to the crime. *Graham v. Florida*, --- U.S. ----, 130 S.Ct. 2011, 2021, 176 L.Ed.2d 825 (2010). The Supreme Court identified three criteria to be used to evaluate the proportionality of a particular sentence. *Solem v. Helm*, 463 U.S. 277, 292, 103 S.Ct. 3001, 3011, 77 L.Ed.2d 637 (1983); *Alvarez v. State*, 63 S.W.3d 578, 580-2 (Tex. App.—Fort Worth 2001, no pet.). They are (1) the gravity of the offense and the harshness of the punishment, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for the same offense in other jurisdictions. *Solem v. Helm*, 463 U.S. at 292, 103 S.Ct. at 3011; *Alvarez v. State*, 63 S.W.3d at 582. In a proportionality analysis, we first make a threshold comparison of the gravity of the offense against the severity of the sentence. *Alvarez v. State*, 63 S.W.3d at 582. Only if we determine that the sentence is grossly disproportionate to the offense do we consider the remaining *Solem* factors. *Id*.

Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment. *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). The sentence falls within the applicable punishment range for each offense. The lesser sentences in Count 1 and 2 are to run concurrently with the sentence in Count 3. Rutledge was convicted of a first-degree felony in Count 3. The punishment range is imprisonment for 5 to 99 years or life. Tex. Health & Safety Code Ann. § 481.112 (d)

(Vernon 2010); Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ Aɴɴ. § 12.32 (a) (Vernon Supp. 2010).  The trial court assessed punishment 45 years, in the middle of the punishment range.

Investigator Dickey testified that in over four years with the drug task force, he has only been involved in one "bust" for methamphetamines that recovered a larger quantity of drugs than that possessed by Rutledge.  The record shows that Rutledge both used and sold methamphetamine for several years.  Rutledge had a number of regular customers who purchased methamphetamine from her.  At trial, Rutledge's attorney asked if she understood that the trial court could "send [her] to the penitentiary for whatever period of time he chooses?"  Rutledge stated that she did understand.  The sentence is not grossly disproportionate to the offense.  The sentence assessed was not cruel and unusual punishment.  We overrule the first issue.

**Due Process**

When a defendant waives a jury, the trial judge has discretion to assess the punishment within the range provided by law which he finds appropriate under the circumstances.  *Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. 1978).  A trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process.  *Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005).  There is no evidence that the trial court predetermined Rutledge's sentence or refused to consider the entire range of punishment.  The trial court did not abuse its discretion in assessing Rutledge's sentence within the punishment range.  We overrule the second issue.

**Conclusion**

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed May 11, 2011
Do not publish
[CRPM]