

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00300-CR

**KAREN MITCHELL MARTIN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court No. F44317**

## MEMORANDUM  OPINION

After Appellant Karen Mitchell Martin made an open plea of guilty to the offense of delivery of a controlled substance in an amount of one gram or more but less than four grams, the trial court assessed her punishment at fifteen years' confinement. In one issue, Martin contends that her sentence was disproportionate to the offense for which she was convicted.

Generally, a sentence within the statutory range of punishment for an offense is not excessive, cruel, or unusual punishment. *Winchester v. State*, 246 S.W.3d 386, 389

(Tex. App.—Amarillo 2008, pet. ref'd); *Alvarez v. State*, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.). A narrow exception to this rule is recognized where the sentence is grossly disproportionate to the offense. *See Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd); *see also Harmelin v. Michigan*, 501 U.S. 957, 1004-05, 111 S.Ct. 2680, 2707, 115 L.Ed.2d 836 (1991) (Kennedy. J., concurring); *Solem v. Helm*, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 3010-11, 77 L.Ed.2d 637 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992).

In conducting a proportionality analysis, we first make a threshold comparison of the gravity of the offense against the severity of the sentence. *Moore*, 54 S.W.3d at 542; *see Solem*, 463 U.S. at 290-91, 103 S.Ct. at 3010; *McGruder*, 954 F.2d at 316. If we determine that the sentence is grossly disproportionate to the offense, we must then compare the sentence received to sentences for similar crimes in this jurisdiction and sentences for the same crime in other jurisdictions. *Alvarez*, 63 S.W.3d at 581; *see Solem*, 463 U.S. at 291-92, 103 S.Ct. at 3010; *McGruder*, 954 F.2d at 316.

In this case, the charged offense of delivery of a controlled substance in an amount of one gram or more but less than four grams is a second-degree felony punishable by a term of imprisonment between two and twenty years and a fine up to $10,000. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c) (West 2010); TEX. PENAL CODE ANN. § 12.33 (West 2011). Martin's sentence of fifteen years' confinement is within this statutory range.

Martin argues that her sentence is disproportionate because "[m]itigating factors existed within the evidence presented at trial." Martin points out that she admitted her

guilt and did not place responsibility for her actions on anyone else and that the methamphetamine she pled guilty to delivering weighed only 1.67 grams, which is on the low end of the range for a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c). Even considering these facts, however, the record does not reflect that the punishment was grossly disproportionate to the offense. Investigator Mark Goetz testified that methamphetamine is now the primary illicit drug in the area and that it directly contributes to the criminal society in Johnson County. Goetz stated that, before being indicted, Martin was given the opportunity to cooperate with him and the Stop the Offender Program Special Crimes Unit but that she expressed no interest in doing so. Goetz testified that Martin was a "meth addict" who had been involved in the distribution of methamphetamine for about ten years. Martin had both a prior misdemeanor and felony drug-related conviction.

In light of the foregoing, we conclude that Martin's punishment was not excessive or grossly disproportionate. We thus overrule Martin's sole issue and affirm the trial court's judgment.


                                        REX D. DAVIS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed March 28, 2012
Do not publish
[CR25]