

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00768-CR

Juan David **BERNAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the Criminal District Court 3, Tarrant County, Texas
Trial Court No. 1297786D
The Honorable Robb Catalano, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Marialyn Barnard, Justice

Delivered and Filed:  July 9, 2014

AFFIRMED

Juan David Bernal pled guilty to aggravated robbery with a deadly weapon and was sentenced to 15 years' imprisonment.  On appeal, Bernal contends his sentence constitutes cruel and unusual punishment.  We affirm the trial court's judgment.

## BACKGROUND

Bernal was charged by indictment with aggravated robbery with a deadly weapon.[1] Bernal pleaded guilty without the benefit of a plea bargain agreement. At sentencing, mitigating evidence was proffered by the defense, including evidence that Bernal had no bond violations, attended required court hearings, maintained employment, and pled guilty to the offense. Evidence also established that Bernal's fiancée was approximately eight months pregnant. Ultimately, the trial judge found Bernal guilty of aggravated robbery with a deadly weapon and sentenced him to 15 years' imprisonment without assessing a fine.

## PRESERVATION OF ERROR

To preserve a complaint that a sentence constitutes cruel and unusual punishment, a defendant must object at trial or properly present the complaint in a motion for new trial. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Sample v. State*, 405 S.W.3d 295, 303–04 (Tex. App—Fort Worth 2013, pet ref'd); TEX. R. APP. P. 33.1(a). In this case, Bernal made no objection regarding his punishment at trial and did not timely present his motion for new trial to the trial court for consideration. *See* TEX. R. APP. P. 21.6. Therefore, Bernal has waived his right to appeal on this issue.

## CRUEL AND UNUSUAL PUNISHMENT

Even if Bernal had properly preserved this issue for our review, a punishment is generally not cruel or unusual if it falls within the statutory punishment range for the offense unless the sentence is grossly disproportionate to the offense. *Alvarez v. State*, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.). The statutory range for the first-degree felony of aggravated robbery with a deadly weapon is 5 years to life imprisonment, and up to a $10,000 fine. *See* TEX.

---

[1] Although the indictment also included an enhancement allegation, the State waived the enhancement as reflected in the judgment.

PENAL CODE ANN. §§ 12.32, 29.03 (West 2011). Bernal received a sentence on the low end of the statutory range; therefore, his punishment is not excessive.

In determining whether a sentence is grossly disproportionate, the following three criteria are analyzed: 1) the gravity of the offense and the harshness of the penalty; 2) the sentences imposed on other criminals in the same jurisdiction; and 3) the sentences imposed for the same offense in other jurisdictions. *See Solem v. Helm*, 463 U.S. 277, 292 (1983). "We judge the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender." *Alvarez*, 63 S.W.3d at 581 (citing *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet ref'd)). "Only if we determine that the sentence is grossly disproportionate" under the first factor "do we consider the remaining *Solem* factors." *Id.*; s*ee also Robertson v. State*, 245 S.W.3d 545, 549 (Tex. App.—Tyler 2007, pet ref'd). Bernal pled guilty to aggravated robbery with a deadly weapon which is a first-degree felony. At the sentencing hearing, Bernal's attorney acknowledged that "this is a very egregious case" and the testimony at the plea hearing showed "the severity of the matter." The State also noted that the offense was "very violent" and that Bernal "indiscriminately" chose his victim. Furthermore, Bernal committed the offense while on parole from the Texas Juvenile Justice Department for drug dealing. Finally, the trial court noted the victim in the case "was hurt really badly." In comparison to the gravity of the offense, Bernal received a relatively lenient sentence at the lower end of the statutory range. Therefore, having considered the gravity of the offense and the sentence imposed, we hold Bernal's sentence of 15 years' imprisonment is not grossly disproportionate to the offense. Accordingly, we need not consider the other two *Solem* factors. *Alvarez*, 63 S.W.3d at 581.

## CONCLUSION

The judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH