

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00156-CR
No. 02-23-00157-CR

———————————————————

CEDRICK DEWAYNE JACKSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court Nos. 1730610, 1730611

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant Cedrick Dewayne Jackson appeals his sentences of ten years' incarceration for aggravated robbery and five years' incarceration for evading arrest or detention with a vehicle.[1] *See* Tex. Penal Code Ann. §§ 29.03(a), 38.04(a), (b)(2)(A). In a single point, Jackson asserts that his sentences are grossly disproportionate to his offenses. We will affirm.

## I. BACKGROUND

In May 2022, Jackson approached seventy-seven-year-old Columbus Jones III while he was loading items into his vehicle in a Home Depot parking lot, pointed a gun at him, and demanded his vehicle. After a brief struggle during which Jackson placed Jones in a headlock and threatened to shoot him, Jones gave Jackson the key to his vehicle. While fleeing from police, Jackson wrecked the stolen vehicle, breaking his leg in the process.

Jackson was indicted for aggravated robbery and evading arrest. The evading-arrest indictment included a deadly-weapon-finding notice alleging that Jackson had used the stolen vehicle in a manner capable of causing death or serious bodily injury. Jackson pleaded guilty to both offenses without a charge bargain or sentencing

---

[1]The trial court established separate cause numbers for each of the two counts: Cause No. 1730610 for aggravated robbery and Cause 1730611 for evading arrest. Jackson has filed separate appeals in each case. We address both appeals in this opinion.

bargain and pleaded "true" to the deadly-weapon-finding notice in the evading-arrest indictment.

After allowing time for a presentence investigation report (PSI) to be prepared, the trial court held a sentencing hearing. After considering the PSI and hearing the testimony of Jackson's mother and his second cousin's ex-wife, the trial court sentenced Jackson to ten years in prison for aggravated robbery and five years in prison for evading arrest.[2] This appeal followed.

## II. Discussion

In a single point, Jackson argues that his sentences—despite being well within the statutory limits—are grossly disproportionate to the offenses for which he was convicted. We disagree.

### A. Applicable Law

"Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment." *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) (first citing *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); and then citing *Alvarez v. State*, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.)). Indeed, a trial court has "essentially 'unfettered'" discretion to impose

---

[2]These sentences, which are to run concurrently, are well within the statutory limits for Jackson's offenses. The statutory punishment range for Jackson's first-degree-felony aggravated-robbery offense is five to ninety-nine years or life in prison and up to a $10,000 fine. Tex. Penal Code Ann. § 12.32. The punishment range for his third-degree-felony evading-arrest offense is two to ten years in prison and up to a $10,000 fine. *Id.* § 12.34.

any sentence within the prescribed statutory range, *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (quoting *Miller-El v. State*, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990)), and any sentence within the statutory limits is virtually "unassailable" on appeal provided that it is based upon the sentencer's informed normative judgment. *Id.* at 324. But a narrow exception to this general rule exists: the Eighth Amendment prohibits noncapital punishment within the statutory limits if the sentence is grossly disproportionate to the offense. *Graham v. Florida*, 560 U.S. 48, 59–60, 130 S. Ct. 2011, 2021–22 (2010); *Harmelin v. Michigan*, 501 U.S. 957, 997–1001, 111 S. Ct. 2680, 2702–05 (1991) (Kennedy, J., concurring in part and concurring in judgment); *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016). Although the "precise contours [of the gross-disproportionality exception] are unclear," one thing is certain: it applies "only in the exceedingly rare or extreme case." *Harmelin*, 501 U.S. at 998–1001, 111 S. Ct. at 2703–05 (Kennedy, J., concurring in part and concurring in judgment); *see also Simpson*, 488 S.W.3d at 322–23; *Chavez*, 213 S.W.3d at 323–24.

To determine whether a noncapital sentence qualifies for this uncommon and "somewhat amorphous" exception, we engage in a three-step review beginning with a threshold analysis comparing the gravity of the offense to the severity of the sentence. *Graham*, 560 U.S. at 60, 130 S. Ct. at 2022; *Simpson*, 488 S.W.3d at 323; *see also Chavez*, 213 S.W.3d at 323–24. Assessing the gravity of the offense requires us to consider (1) the harm that the defendant caused or threatened to the victim and to society, (2) the defendant's culpability, and (3) the defendant's prior adjudicated and

4

unadjudicated crimes. *See Simpson*, 488 S.W.3d at 323. We weigh these factors against the defendant's sentence, looking to precedent for guidance as to the constitutional limits of proportional severity. *See Hutto v. Davis*, 454 U.S. 370, 374–75, 102 S. Ct. 703, 706 (1982) (per curiam) (chastising lower courts for extending gross-disproportionality exception beyond the limits of precedent); *McGruder v. Puckett*, 954 F.2d 313, 317 (5th Cir. 1992) (holding sentence was not grossly-disproportionate in light of both the Supreme Court's and the Fifth Circuit's precedent). In the rare case in which this threshold analysis indicates gross disproportionality, we proceed to steps two and three by comparing the defendant's sentence with those received by similar offenders in this jurisdiction and with those imposed for the same crime in other jurisdictions. *Simpson*, 488 S.W.3d at 323; *see also Solem v. Helm*, 463 U.S. 277, 296–300, 103 S. Ct. 3001, 3012–15 (1983) (applying steps two and three).

## B. Threshold Analysis

Jackson's gross-disproportionality argument does not pass the threshold test. Indeed, considering the factors set forth above, *see Simpson*, 488 S.W.3d at 323, we conclude that Jackson's sentences are well within constitutional bounds.

First, Jackson's violent and dangerous offenses caused or threatened significant harm to both the victim and society. During the robbery, Jackson physically attacked Jones and threatened to shoot him. Jones, a Vietnam War veteran, suffers from post-traumatic stress disorder, and Jackson's actions reignited his symptoms, causing ongoing harm to his mental health. Further, by fleeing from police in the stolen

vehicle and ultimately wrecking it, Jackson caused significant property damage[3] and placed the police and other motorists in danger.

Second, because Jackson pleaded guilty, his culpability for the offenses is clear. *See Saravia v. State*, No. 02-22-00138-CR, 2023 WL 2805902, at *4 (Tex. App.—Fort Worth Apr. 6, 2023, no pet.) (mem. op., not designated for publication); *Wade v. State*, No. 02-21-00206-CR, 2023 WL 1859797, at *3 (Tex. App.—Fort Worth Feb. 9, 2023, no pet.) (mem. op., not designated for publication). Although he showed contrition, his remorse appears to be tied to how his actions affected his mother and himself, not how they affected Jones or endangered police and other motorists. Further, while Jackson has a history of mental illness, the record shows that he has contributed to his poor mental health by repeatedly failing to take his prescribed medication and trying to treat his symptoms with marijuana. Indeed, while in jail awaiting sentencing, Jackson refused his prescribed medication and ignored his mental health even though the jail medical staff repeatedly adjusted the medication to minimize side effects.

Third, while it is true—as Jackson points out—that he has no prior felony convictions, he has been convicted of misdemeanor assault of a family member (his mother). Indeed, he has a history of aggression and violent acts towards his family.

---

[3]Jones's vehicle was "totaled."

Most recently, he allegedly assaulted his grandparents while staying at their home in Arizona, and five officers had to subdue him and transport him to jail.[4]

Taking all of these factors together, we cannot say that Jackson's five- and ten-year sentences, which are on the low end of the statutory ranges for his offenses,[5] give rise to an inference of disproportionality.[6] Accordingly, we overrule Jackson's sole point.

### III. CONCLUSION

Having overruled Jackson's sole point, we affirm the trial court's judgments.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 30, 2023

---

[4]Jackson was charged with multiple offenses based on this incident, including aggravated assault of an officer, resisting arrest, and "assault–touched to injure." These charges remain pending.

[5]*See supra* note 2.

[6]Because Jackson's disproportionality argument does not pass the threshold test, we need not compare his sentences to others for the same offenses in Texas and elsewhere. *See Bolar v. State*, 625 S.W.3d 659, 666 (Tex. App.—Fort Worth 2021, no pet.); *see also Nunnally v. State*, No. 03-19-00807-CR, 2021 WL 4995502, at *5 (Tex. App.—Austin Oct. 28, 2021, no pet.) (mem. op., not designated for publication).