COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-435-CR

 

 

JAMES HARROLD BURCHFIELD                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant James Harrold Burchfield appeals his
conviction and sentence for felony driving while intoxicated enhanced by a
prior felony.[2]  We affirm.








After appellant waived a jury and entered an open
plea of guilty, the trial court reviewed a presentence investigation report (APSI@) and
sentenced appellant to seven years=
confinement.

In his first issue, appellant argues that seven
years is cruel and unusual punishment because the trial court failed to take
into account his age and health concerns. 
The record, however, shows that the trial court explicitly weighed its
concerns regarding appellant=s health
against the danger of him remaining in society. 
After hearing arguments of counsel, the trial judge stated, ADespite
your health problems, I don=t feel
like you are a good risk for me out in the community, and I cannot feel
responsible for anybody=s life that you damage or
destroy because you go back to drinking alcohol.@  Thus, appellant=s
argument that the trial court failed to consider his health is not supported by
the record.

Appellant also contends that because he was
seventy-five years of age and in poor health at the time of sentencing, he is
unlikely to survive his term of confinement. 
Thus, he argues, seven years in prison amounts to a life sentence for
driving while intoxicated, which is grossly disproportionate to the offense
committed.








We review a sentence imposed by a trial court for
an abuse of discretion.[3]  As a general rule, a sentence imposed within
the statutory limits is not excessive, cruel, or unusual punishment.[4]  Appellant=s
sentence is within the range of punishment set by the legislature for the
offense he committed.  Driving while
intoxicated with felony repetition is a third-degree felony, which appellant=s prior
felony conviction for retaliation enhanced to a second-degree felony.[5]  The statutorily prescribed punishment range
for a second-degree felony is two to twenty years=
confinement.[6]  Appellant=s
sentence of seven years is well within the prescribed range.








However, a narrow exception to the general rule
that a sentence within the statutorily prescribed range is not cruel or unusual
punishment is recognized when the sentence is grossly disproportionate to the
offense.[7]  To evaluate the proportionality of a
particular sentence, the United States Supreme Court has identified the
following criteria:

(1) the gravity of the offense and the harshness
of the punishment;

(2) the sentences imposed on other criminals in
the same jurisdiction; and

(3) the sentences imposed for the same offense in
other jurisdictions.[8]

In conducting a proportionality analysis, we
first make a threshold comparison of the gravity of the offense against the
severity of the sentence.[9]  We judge the gravity of the offense in light
of the harm caused or threatened to the victim or society and the culpability
of the offender.[10]  Only if we determine that the sentence is
grossly disproportionate to the offense do we consider the remaining factors.[11]








Here, appellant pleaded guilty to felony driving
while intoxicated enhanced by a prior felony conviction for the offense of
retaliation.[12]  The previous felony conviction elevated the
instant offense to a second-degree felony.[13]  Thus, the offense appellant committed is
classified as within the third most serious category of offenses in Texas; only
capital offenses and first degree felonies are more serious.  The harm threatened to society is
significant:  automobile fatalities, injuries,
and pecuniary loss caused by drunken drivers. 
Finally, appellant=s culpability is great.  His trial counsel conceded that appellant has
over a fifty-year history of arrests that are alcohol related, in addition to
arrests for other offenses.  Under these
circumstances, a seven-year sentence is not grossly disproportionate to the
offense appellant committed.[14]  Because we do not find the threshhold test to
be satisfied, we need not apply the remaining elements of the Solem
test.  Appellant=s first
issue is overruled.

In his second issue, appellant complains that the
trial court erred by relying on the PSI to assess his sentence.  He contends that article 42.12 section 9(a)
of the code of criminal procedure Aimplies
that the PSI officer should not make any recommendation.@  Thus, he argues, because the trial court
relied on the recommendation in the PSI, it violated section 9(a) and committed
fundamental error.[15]








Texas Code of Criminal Procedure article 42.12,
section 9(a) provides for the preparation of a PSI.  In pertinent part, it states that AIt is
not necessary that the report contain a sentencing recommendation. . . .A[16]  By the statutes=s plain
language, the inclusion of a sentencing recommendation is optional.  If a sentencing recommendation is optional,
it is not improper for the author of the PSI to make one.

Moreover, the record shows that the trial court=s stated
reasons for imposing the seven-year sentence were the dangers appellant imposed
on the community, not because the PSI suggested it.  We overrule appellant=s second
issue.

Having overruled both of appellant=s
issues, we affirm the trial court=s
judgment.

 

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 13, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. '' 12.42(a)(3), 49.09(b)(2)
(Vernon Supp. 2008).





[3]Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1984).





[4]Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Alvarez v. State, 63 S.W.3d 578, 580 (Tex. App.CFort Worth 2001, no
pet.).





[5]See Tex. Penal Code Ann. ' 49.04(a) (Vernon
2003), '' 12.42(a)(3), 49.09(b)(2)
(Vernon Supp. 2008).





[6]Tex. Penal Code Ann. ' 12.33(a) (Vernon
2003).





[7]See Moore v. State, 54 S.W.3d 529, 542
(Tex. App.CFort Worth 2001, pet. ref=d); see also Harmelin
v. Michigan, 501 U.S. 957, 1004B05, 111 S. Ct. 2680, 2707 (1991) (Kennedy, J.,
concurring); Solem v. Helm, 463 U.S. 277, 290B92, 103 S. Ct. 3001, 3010B11 (1983); McGruder v.
Puckett, 954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849
(1992).





[8]See Solem, 463 U.S. at 292, 103 S.
Ct. at 3011.





[9]Moore, 54 S.W.3d at 542.





[10]Id. (citing Solem,
463 U.S. at 291B92, 103 S. Ct. at 3010).





[11]Id.





[12]Tex. Penal Code Ann. ' 49.09(b)(2).





[13]Id. ' 12.42(a)(3) (Vernon
Supp. 2008).





[14]See Robertson v. State, No. 12-01-00241-CR,
2002 WL 31845862, at *2 (Tex. App.CTyler Dec. 20, 2002, no pet.) (not designated for
publication) (holding seven-year sentence for third-degree felony DWI
not grossly disproportionate); Delacruz v. State, No. 06-04-00062-CR,
2005 WL 14083, at *2 (Tex. App.CTexarkana Jan. 4, 2005, no pet.) (mem. op., not
designated for publication) (holding ten-year sentence for third-degree
felony DWI for defendant with no prior felonies not grossly disproportionate).





[15]See Tex. Code Crim. Proc.
Ann. art. 42.12 ' 9(a) (Vernon Supp.
2008).





[16]Id.