

IN THE
TENTH COURT OF APPEALS

No. 10-12-00399-CR

STEPHEN ASHTON SNOWDEN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2009-1586-C1

MEMORANDUM OPINION

In two issues, appellant, Stephen Ashton Snowden, complains about the sentence

imposed in this case. We affirm.[1]

## I. BACKGROUND

Appellant was charged with theft of more than $1,500 but less than $20,000, a

state-jail felony. *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2012). The incident

---

[1] All pending motions are dismissed as moot.

involved the theft of a bicycle from the Baylor University campus. Pursuant to a plea bargain with the State, appellant pleaded nolo contendere to the charged offense. On March 15, 2010, the trial court deferred an adjudication of guilt and placed appellant on community supervision for a period of five years.

On December 1, 2010, the State filed its first motion to revoke appellant's community supervision and adjudicate guilt. In this motion, the State alleged that appellant violated thirteen conditions of his community supervision, including failing to report from August 2010 to October 2010, failing to obtain permission prior to changing residence, and failing to pay various fees. Subsequently, on April 19, 2011, the State filed its first amended motion to revoke and adjudicate guilt. In this motion, the State asserted that appellant violated eighteen conditions of his community supervision.

On May 23, 2011, the trial court amended the conditions of appellant's community supervision to add the following provisions: (1) appellant must pay $10 per month for court costs, beginning thirty days from the date of the order; (2) appellant must remain at his place of residence seven days a week by 10:00 p.m. until 6:00 a.m., with an exception for work; and (3) appellant must serve ten weekends from May 28, 2011 to July 30, 2011 in the McLennan County jail.[2]

On May 22, 2012, the State filed yet another motion to revoke appellant's community supervision, alleging that he violated twenty conditions of his community

---

[2] The trial court entered another order amending appellant's community supervision, which merely deleted the last weekend of jail time and allowed appellant to serve the time the following weekend—August 6-7, 2011.

supervision.  Shortly thereafter, the State amended its motion to revoke and adjudicate to include four additional violations of the appellant's community supervision.

On October 5, 2012, the trial court revoked appellant's community supervision and ordered him to serve twelve months in the State Jail Division of the Texas Department of Criminal Justice with a $500 fine.  Appellant was also ordered to pay $242.98 in restitution to the victim.

Appellant filed a motion for new trial on punishment, which was overruled by operation of law.  *See* TEX. R. APP. P. 21.8(a), (c).  This appeal followed.

## II.     THE TRIAL COURT'S SENTENCE

In his first issue, appellant argues that the trial court abused its discretion by imposing the twelve-month sentence because there is no evidence supporting the imposition of a sentence in excess of the minimum time prescribed for the offense—six months.  In his second issue, appellant contends that the twelve-month sentence is grossly disproportionate to the offense.

At the outset, we note that appellant was convicted of a state-jail felony and received a twelve-month sentence.  Section 12.35 of the Texas Penal Code prescribes the following punishment range for state-jail felonies:  "an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days."  TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2012).  Appellant's twelve-month sentence clearly falls within the prescribed statutory punishment range.  In fact, it is on the lower end of the punishment range.

In any event, with regard to his first issue, appellant does not cite, nor are we aware of, authority requiring the trial court to sentence him at the bottom of the applicable punishment range. *See Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (en banc) (per curiam) ("[O]nce the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits."). Furthermore, a review of appellant's motion for new trial shows that he focused his arguments on whether the imposed sentence was grossly disproportionate to the offense in question. Other than the blanket statement that, "a more appropriate sentence would be the minimum prescribed of six (6) months," appellant did not cite any relevant authority in his motion for new trial to support the contention that he should have received a six-month sentence, rather than a twelve-month sentence. Accordingly, we overrule appellant's first issue on appeal.[3]

The majority of appellant's brief focuses on the contention that his sentence is grossly disproportionate to the offense for which was convicted. The State counters that appellant's sentence was not grossly disproportionate to the crime because the sentence falls within the statutory limits for state-jail felonies.

---

[3] Appellant also appears to argue that the trial judge in this case was "pre-disposed" because he signed an "Order to Withdraw Funds" on September 7, 2012, approximately a month before the final judgment of conviction was signed on October 5, 2012. Once again, appellant does not cite authority holding that such an act amounts to an abuse of discretion. Moreover, appellant acknowledges that the hearing on the State's motion to revoke and adjudicate commenced on September 7, 2012, yet we have only been provided excerpts from the October 5, 2012 continuation of the alleged September 7, 2012 hearing on the State's motion to revoke and adjudicate. Further, we fail to see how appellant's citations to the record conclusively demonstrate an abuse of discretion. As such, based on the record before us, we cannot say that appellant has adequately demonstrated that the trial court was "pre-disposed" and therefore abused its discretion.

The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishment, which includes extreme sentences that are grossly disproportionate to the crime. *Graham v. Florida*, 130 S. Ct. 2011, 2021, 176 L. Ed. 2d 825 (2010); *see* U.S. CONST. amend. VIII. "A narrow exception to the general rule that a sentence within the statutory limits is not excessive, cruel, or unusual is recognized when the sentence is grossly disproportionate to the offense." *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.); *see Harmelin v. Michigan*, 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 2707, 115 L. Ed. 2d 836 (1991) (Kennedy, J., concurring); *Solem v. Helm*, 463 U.S. 277, 290-92, 103 S. Ct. 3001, 3010-11, 77 L. Ed. 2d 637 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 98 (1992).

In conducting a proportionality analysis, we first make a threshold comparison of the gravity of the offense against the severity of the sentence. *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd); *see Solem*, 463 U.S. at 290-91, 103 S. Ct. at 3010; *McGruder*, 954 F.2d at 316. If we determine that the sentence is grossly disproportionate to the offense, we must then compare the sentence received to sentences for similar crimes in this jurisdiction and sentences for the same crime in other jurisdictions. *Alvarez v. State*, 63 S.W.3d 578, 581 (Tex. App.—Fort Worth 2001, no pet.); *see Solem*, 463 U.S. at 291-92, 103 S. Ct. at 3010; *McGruder*, 954 F.2d at 316. Punishment will be grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the

sentence to be extreme. *Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (citing *Harmelin*, 501 U.S. at 1004-06, 111 S. Ct. at 2706-08).

"Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment." *Dale*, 170 S.W.3d at 799 (citing *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1979); *Alvarez*, 63 S.W.3d at 580); *Baldridge*, 77 S.W.3d at 893-94. Given that appellant's sentence is authorized by law and within the prescribed range for state-jail felonies, we cannot say that his twelve-month sentence is excessive. *See Jordan*, 495 S.W.2d at 952; *see also Dale*, 170 S.W.3d at 799; *Baldridge*, 77 S.W.3d at 893-94; *Alvarez*, 63 S.W.3d at 580.

Moreover, the record shows that appellant pleaded nolo contendere to stealing a bicycle, which was valued at $3,200. Appellant was placed on community supervision, and he proceeded to violate numerous conditions of his community supervision. In fact, even after several amendments, appellant continued to violate his community supervision. We are not persuaded by appellant's contention that the twelve-month sentence was "an enhanced punishment, as the Appellant has no history of prior offenses." Furthermore, based on our review of the record, we do not believe that the imposed twelve-month sentence is grossly disproportionate to the offense. *See Moore*, 54 S.W.3d at 542; *see also Solem*, 463 U.S. at 290-91, 103 S. Ct. at 3010; *McGruder*, 954 F.2d at 316. Accordingly, we overrule appellant's second issue.[4]

---

[4] The majority of appellant's second issue focuses on the second part of the proportionality analysis—comparing the sentence received to sentences for similar crimes in this jurisdiction and sentences for the same crime in other jurisdictions. *See Alvarez*, 63 S.W.3d at 581; *see also Solem*, 463 U.S. at 291-92, 103 S. Ct. at 3010; *McGruder*, 954 F.2d at 316. However, because we have concluded that the imposed sentence is not grossly disproportionate to the charged offense, we need not address this

### III.    CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed May 9, 2013
Do not publish
[CR25]

---

contention. *See* TEX. R. APP. P. 47.1, 47.4; *see also Solem*, 463 U.S. at 291-92, 103 S. Ct. at 3010; *McGruder*, 954 F.2d at 316; *Alvarez*, 63 S.W.3d at 581